KETCHAM v. THE MADISON, INDIANAPOLIS AND PERU R. R. Co.

CONTRACT—RAILROAD—PRACTICE.—The appellant recovered a judgment against the appellee. The appellee consisted of the *Madison and Indianapolis*, and the *Peru and Indianapolis* Railroad Companies consolidated. After the rendition of the judgment, and before its collection, the union of said companies was dissolved by judicial decision, and the companies respectively resumed their former separate existence. The appellant then moved the Court for execution on his judgment, and served notice of his motion on each of said companies.

*Held,* That said notice was properly served, and the appellant was entitled to execution, and that the proceedings touching the union of said companies, in no way effected their liability on said judgment.

APPEAL from the *Marion* Circuit Court.

WORDEN, J.—On the 29th of *December*, 1854, the appellant, *Ketcham*, recovered a judgment against the *Madison, Indianapolis and Peru* Railroad Company, in the *Marion* Circuit Court, for the sum of 5849 dollars and 24 cents, upon bills of exchange before that time accepted by said company. This judgment was taken by agreement.

The company styled the *Madison, Indianapolis and Peru* Railroad Company seems to have been composed of the separate corporations known as the *Madison and Indianapolis*, and the *Peru and Indianapolis* Railroad Companies. These two latter companies seem to have become associated, and to have assumed the common name, under the provisions, as we suppose, of the act of *January* 25th, 1853. [Acts 1853, p. 104.] Afterwards, in *November*, 1855, in a proceeding in the same Court, by the *Peru and Indianapolis* Railroad Company, against the *Madison and Indianapolis* Railroad Company, instituted for the purpose, amongst other things, of dissolving

the connection between said roads, as a consolidated company, it was adjudged by the Court:

1. That the said supposed contract, entered into between the Board of Directors of the *Peru and Indianapolis* Railroad Company, and the Board of Directors of the *Madison and Indianapolis* Railroad Company, as set forth in the complaint herein, was and is void and of no effect.

2. That said supposed contract be, and is by the Court set aside and annuled to all intents and purposes.

3. That the said organization of the two companies called the *Madison, Indianapolis and Peru* Railroad Company, was and is null and void, and is by the Court, here dissolved.

4. That the said *Peru and Indianapolis* Railroad Company, and the *Madison and Indianapolis* Railroad Company, be and they are each declared valid and existing independent corporations, notwithstanding said contract of consolidation.

5. It is further ordered, adjudged and decreed, that any outstanding obligations or liabilities of the consolidated organization which have been fairly and honestly incurred for the joint benefit of the two companies, parties to this suit, or for the sole benefit of either, shall be settled and paid by the said companies, respectively, in proportion to the real interest that each has, or may have, in such outstanding obligations or liabilities."

At the *May* term of the Court, 1862, a part of *Ketcham's* judgment remaining unpaid, he moved the Court for execution thereon, and proved the service of due notice of his motion, upon the President of the *Madison and Indianapolis* Railroad Company, and the President of the *Peru and Indianapolis* Railroad Company.

The plaintiff's motion was denied, and he, having excepted, appeals to this Court.

The motion was overruled, as we understand the record,

upon the ground that notice served upon the Presidents of the two companies, was not deemed sufficient.

We are of opinion that the plaintiff was entitled to his execution. The order of the Court dissolving the association, could not effect the plaintiff, nor destroy the validity of his judgment. He was not a party to, nor bound by said proceedings. The notice, in our opinion, was sufficient. The two corporations, which constituted the judgment defendant, under the name of the *Madison, Indianapolis and Peru* Railroad Company, are the real defendants and still exist, although the association and the assumed name in which judgment was rendered are discontinued.

The two corporations on which notice was served were, under the circumstances, the " adverse party," within the spirit of the statute providing for notice in such cases. 2 R. S., 1852, p. 129. Indeed, they were the only party on whom notice could be served, as they had ceased to keep up the organization, and had discontinued the name which they had assumed.

*Per Curiam.*—The judgment below is reversed, with costs, and the cause remanded.

*John L. Ketcham,* for the appellant.

*Thos. A. Hendricks,* for the appellees.