Johnson *et al. v.* Miller.

———————•———————

JOHNSON ET AL. *v.* MILLER.

SUPREME COURT.—*Notice of Appeal.—Submission Set Aside.* —Where an appeal has been taken to the Supreme Court under the last clause of section 556 of the code, by procuring a transcript and filing it in said court, if there has been no notice of the appeal issued by the clerk of said court and served on the appellee or his attorney of record in the court below, or notice by publication as provided in section 557 of the code, and the cause has been submitted by the appellant upon default of the appellee, the submission will be set aside on motion of the appellee.

From the Madison Circuit Court.

*J. T. Smith, C. D. Thompson, W. R. Pierse,* and *H. D. Thompson,* for appellants.

*J. Smith,* for appellee.

BUSKIRK, J.—The appellee has filed a written motion to set aside the submission of this cause. The cause was tried at the October term, 1871, of the Madison Circuit Court. The transcript was filed in the clerk's office of this court, on the 27th day of November, 1871. The cause was submitted,

on the default of the appellee, on the 29th day of May, 1872.
The appeal was not taken under sec. 555 of the code, 2 G.
& H. 271, during the term, and consequently it was neces-
sary that the appellee should receive notice of the appeal.
Nor was the appeal taken under the first clause of sec. 556,
by serving notice on the adverse party or his attorney, and
also on the clerk, but it was taken under the last clause of
said section, by procuring a transcript and filing the same
in this court.   In such case a notice must be issued by the
clerk of this court and served on the appellee, or his attor-
ney of record in the court below; or when the notice can-
not be served upon the appellee or his attorney, and it is
made to appear that the appellee is a non-resident of the
State, this court may order that notice of the pendency of
the appeal be given in some newspaper printed and pub-
lished in this State, for three weeks successively; after
which the court shall proceed in all respects as if the defend-
ant had been served with process.   Sec. 557.

It does not appear that the appellee ever received any
notice of the pendency of the appeal.   In such case the
appellee could not be called and defaulted.   It results that
the cause was improperly submitted.

The submission is set aside, at the costs of the appellants,
of which the clerk will give them notice.