## BLIZZARD v. BLIZZARD ET AL.

SUPREME COURT.—*Defective Bill of Exceptions.*—*Evidence.*—A party can not supply an alleged deficiency in the statement of evidence in a bill of exceptions in the record, on appeal to the Supreme Court, by his affidavit stating that certain evidence not in the bill of exceptions was introduced on the trial.

From the Tippecanoe Circuit Court.

J. A. *Stein*, for appellant.

M. *Jones* and J. L. *Miller*, for appellees.

DOWNEY, J.—Action by the appellees against the appellant, to recover the possession of real property, to quiet the title thereto, and for *mesne* profits. Answer, a general denial. The issue was, by agreement, tried by the court, and there was a finding that the plaintiffs were the owners in fee simple of the real estate, that the defendant had no interest therein, and for the *mesne* profits. A motion for a new trial, on account of the insufficiency of the evidence, and because the finding was contrary to law, was made by the defendant and overruled by the court.

This is the ruling of which complaint is made in the assignment of errors.

It is urged by counsel for the appellant that the evidence in the bill of exceptions does not show title in the plaintiffs to all the land recovered. Counsel for the appellee have filed their affidavits that certain evidence, not in the bill of exceptions, was introduced on the trial. It seems to us that the evidence is insufficient, as alleged. The practice of this court does not allow deficiencies in the bill of exceptions to be supplied in the manner proposed.

The judgment is reversed, with costs, and the cause remanded for a new trial.