No. 8614.

PATTISON ET AL. *v.* SHAW.

EVIDENCE.—*Execution of Lost Note.*—*General Denial Not Verified.*—*Non-Payment.*—On trial of an action upon a promissory note alleged to have been lost, due and unpaid, the plaintiff, to sustain the issue formed by the general denial, not verified, is not required to prove the execution of the note, or his allegation that it is unpaid.

SUPREME COURT.—*Practice.*—*Motion to Dismiss Appeal.*—*Diligence.*—A motion·in the Supreme Court to dismiss an appeal because not prosecuted with diligence can be made only on call in open court.

From the Delaware Circuit Court.

*C. E. Shipley, W. A. Thompson, A. O. Marsh* and *J. W. Thompson,* for appellants.

*I. P. Gray* and *P. Gray,* for appellee.

MORRIS, C.—The appellants commenced this suit against the appellee, in the Randolph Circuit Court. The cause was removed into the Delaware Circuit Court by change of venue.

The complaint states that, on the 8th day of November, 1876, the appellee being indebted to Hibben, Pattison & Co., a firm composed of the appellants and one Hibben, executed to them his note, due at forty days, for $151.16, with ten per cent. interest and attorney's fees; that Hibben had died, and the note had been lost. A copy of the note is filed with the complaint. It is also alleged that the note is due and unpaid. The appellee answered by a general. denial, not under oath. He also filed an answer alleging payment. The appellants replied to the second paragraph of the answer by a denial. The cause was submitted to a jury for trial, who found for the appellee.

The appellant moved the court for a new trial, on the ground, among others, that the court erred in giving, of its own motion, charges numbered from one to seven, inclusive. The court overruled the motion for a new trial, and rendered final judgment in favor of the appellee.

The error assigned is the overruling of the motion for a new trial.

The appellee filed a motion to dismiss the appeal for the failure of the appellants to prosecute the same with proper diligence. Such a motion can only be made on call in open court. The motion in this case was not so made, and must, for this reason, be overruled.

Counsel for the appellant say that they only care to urge objections to the charges of the court to the jury.

The court gave, among others, the following charges to the jury:

1. " The complaint alleges that, on the 8th day of November, 1876, the defendant, being indebted to the plaintiffs in the sum of $151.16, did, on said day, execute his promissory note to the plaintiffs for that amount, payable forty days after date, with interest at ten per cent. after maturity, waiving valuation and appraisement laws, and five per cent. attorney's fee, waiving valuation and appraisement laws. A copy of the note is set out and made a part of the complaint. The plaintiffs aver that the note has been lost; that the same remains due and is unpaid. They demand judgment. To this complaint the defendant has filed his answer. The first paragraph is a general denial; the second paragraph is a plea of payment. The plaintiff replies to the second paragraph by a general denial. The complaint, answer and reply form the issues in this case, which you are to try."

2. " The general denial filed by the defendant puts in issue the averments of the complaint, and the burden of proof of this issue is upon the plaintiffs, and, to entitle them to recover, they must prove all the material allegations of the complaint. They must prove the execution of the note described in the complaint by the defendant, payable to the plaintiffs; the proof must show that the note executed corresponds in amount and date and time when due and the terms of payment, in all particulars, with the copy set out in the complaint. The plaintiffs must further prove the loss of the note; that the same was due at the commencement of this suit, and that it remains

unpaid.   If all of these facts have been proven, by a fair preponderance of the evidence, then the plaintiffs are entitled to recover, unless the defendant has, by a fair preponderance of the evidence, proven that the note was fully paid, as he alleges in his second paragraph of his answer."

The above charge is not modified by any of the other charges given to the jury.

The general denial filed by the defendant, not having been verified, admitted the execution of the note sued on.  Under this issue the appellants had to prove, in order to excuse the non-production of the note upon the trial, its existence, terms and loss.  Upon such proof, they would, under the issues, and in the absence of proof of payment, be entitled to recover without proving that the appellee had executed the note, the existence, terms and loss of which had been established.  It was error, therefore, to charge the jury as the court did, that the plaintiffs must prove the execution of the note.   In the case of *Millikan* v. *State, ex rel. Bishop*, 70 Ind. 310, 313, HOWK, J., says:   " Under the issues, the existence, loss and contents of the bond in suit were necessary facts to be established by the relators, by a fair preponderance of the evidence.   The execution of the bond was not put in issue by an answer under oath ; and if the evidence offered by the appellants would have proved, or tended to prove, nothing more than the mere non-execution of the bond, it would of course have been immaterial."

We think the instruction was wrong in another respect. After stating to the jury that the appellants must prove the execution of the note, its contents and loss, precisely and in every respect as alleged, the instruction adds that the appellants must also prove that the note remains unpaid.   From the manner in which the charge is drawn, the jury would be likely to understand the charge as meaning that, after the appellants had proven the existence, contents and loss of the note, they must, in order to make out a case, produce evidence of the non-payment of the note.   Upon proof of the

existence of the note, its contents and loss, the appellants were entitled to recover, unless payment was proved by the appellee. The burden of the issue as to payment was upon the appellee, not upon the appellants. We think that in this respect the charge was faulty and misleading. The judgment below should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellee.

Opinion filed at November term, 1881.
Petition for a rehearing overruled at May term, 1882.