Burkam *et al. v.* McElfresh *et al.*

---

No. 7910.

BURKAM ET AL. *v.* MCELFRESH ET AL.

SUPREME COURT.—*Appeal.—Notice.—Submission.—Appearance.—Dismissal.—* Where a case is submitted without notice of the appeal to appellees interested and without their appearance, the Supreme Court will set aside the submission, and if there be no notice or appearance will dismiss the appeal on call in open court.

SAME.—*Transcript.—Lost Pleadings.—Practice.—*A paper furnished by counsel to the clerk as a substitute for a lost pleading, without order or leave of court, is no part of the record.

From the Dearborn Circuit Court.

*F. Adkinson* and *G. M. Roberts*, for appellants.

*J. D. Haynes, J. K. Thompson* and *W. S. Holman*, for appellees.

BLACK, C.—It appears from the transcript of the record of this cause, filed in this court May 23d, 1879, taken in connection with the return made February 5th, 1881, to a *certiorari* awarded on the application of the appellee McElfresh, that a complaint was filed by the appellants on the 3d day of December, 1877; but at the time of the making of said transcript, and thereafter, up to and including the time of the making of said return to said *certiorari*, said complaint was not on the files of the court below. A complaint is in the transcript preceded by a statement that, the complaint which had been filed having been lost or mislaid, that which is so inserted "is now substituted in lieu thereof." It appears from the return to the *certiorari* that no substituted complaint was

filed in the cause for the original one, and there was no leave or order of court authorizing the filing of a substituted complaint, and the paper purporting to be a substituted complaint was furnished to the clerk by the attorney for the appellants, but it was never filed in the cause. The complaint inserted is a complaint of the appellants against the appellees McElfresh, Perry and Gibson, for the recovery of personal property. It appears that Perry and Gibson were admitted as defendants after the commencement of the action, on their own petition; that they filed an answer; that " the said receiver," who appears elsewhere in the record to have been McElfresh, filed an answer; that the plaintiffs filed a demurrer to the answer of Perry and Gibson, which was overruled; that the plaintiffs filed a reply; that the defendants filed a demurrer to the second paragraph of the reply, which was sustained. But the only pleading contained in the record, besides said pretended complaint, is the demurrer to the answer of Perry and Gibson.

The clerk, in his return to the *certiorari*, certifies that " the petition of Rod Perry and David E. Gibson to be made parties to said action, and the answer and counter-claim filed by them therein, and the answer filed by Samuel McElfresh in said cause, were not on the files of said court at the time of making said transcript, and the same are not now, nor have they been, on the files of said court since the making of said transcript."

The clerk, in his said return, certifies to the same effect concerning certain documentary evidence omitted from a bill of exceptions containing evidence.

The cause was tried by a jury, and, in accordance with their verdict, a motion for a new trial filed by the appellants having been overruled, judgment was rendered that the defendants Perry and Gibson recover of the plaintiffs certain personal property, and $500 damages for its detention; and, in the event said property was not forthwith so returned, that the defendants Perry and Gibson recover of the plaintiffs the

additional sum of $650, being the value of said property as found by the jury, and that the defendants recover their costs of the plaintiffs.

The appellants have assigned as error the overruling of their motion for a new trial. The appeal was taken by filing the transcript in the office of the clerk of this court, as provided in the second branch of section 556, code of 1852, and rule 22 of this court. The cause was submitted at the calling of the docket on the 26th of May, 1880, on default of the appellees. But at that time no notice of the appeal had been given except to the appellee McElfresh. After the return had been made to said *certiorari* the appellee McElfresh, on the 23d of February, 1881, filed in this court a motion to strike said complaint from the transcript, and to dismiss the appeal for the want of a sufficient transcript, and for the reason that the cause had been submitted on the default of the appellees and no notice of the appeal had been given to the said appellees Perry and Gibson.

The complaint contained in the transcript can not be deemed a part of the record. It was never filed in the cause. If it were not so, the record is otherwise so defective as not to show what issue was tried and determined. In such a condition of the record no question is presented for decision, and, if the appellees were in this court, it would be in accordance with the practice of the court to affirm the judgment. *Collins* v. *U. S. Express Co.,* 27 Ind. 11; *Bonsell* v. *Bonsell,* 41 Ind. 476; *State, ex rel.,* v. *Terre Haute, etc., R. R. Co.,* 64 Ind. 297.

The appellees Perry and Gibson appear to be the real parties in interest in the judgment. Because of the failure to notify them of the appeal the submission should be set aside. *Johnson* v. *Miller,* 43 Ind. 29; *Clark* v. *Continental Improvement Co.,* 57 Ind. 135.

If no steps be taken to bring in said appellees, and they do not voluntarily appear, the proper practice will be to move

VOL. 88.—15

for the dismissal of the appeal on call in open court. *Pattison* v. *Shaw*, 82 Ind. 32.

PER CURIAM.—Upon the foregoing opinion the submission is set aside, at the costs of appellants, of which the clerk will give them notice.