Filed Feb. 21, 1885.

---

No. 11,871.

THAMES LOAN AND TRUST COMPANY *v.* BEVILLE ET AL.

PLEADING.—*Demurrer.*—A demurrer can be sustained only for defects apparent on the face of the pleading to which it is filed.

VERDICT.—*Uncertainty.*—*Venire de Novo.*—A verdict which reads, " We, the jury, find for the plaintiff and assess her damages at $175, with six per cent. interest," is not so uncertain or defective as to authorize a *venire de novo.*

Thames Loan and Trust Company v. Beville *et al.*

PRACTICE.—*Supreme Court.—Judgment.*—The correctness of a judgment can not be questioned for the first time in the Supreme Court.

SAME.—*Bill of Exceptions.—Omission of Evidence.*—Where it appears by the bill of exceptions that it does not contain all of the evidence rendered at the trial, that which is in the record can not be examined to determine its sufficiency to sustain the verdict.

SAME.—*Affidavits as to Cause of Omission.*—The failure to include all the evidence in the bill of exceptions can not be remedied by filing affidavits in the Supreme Court asserting that the absent evidence was omitted by agreement of the parties to the action.

CONTRACT.—*Correspondence.—Evidence.*—A contract need not be embraced in a single writing, but may be contained in letters constituting a correspondence between the parties, and such letters are admissible for the purpose of proving the contract and its terms and conditions.

From the Marion Superior Court.

*D. M. Bradbury*, for appellant.

*J. L. McMaster* and *A. Boice*, for appellees.

COLERICK, C.—The appellees sued the appellant to recover damages for the breach of a contract. The complaint was in three paragraphs. The first and second were withdrawn before the issues in the case were formed, and an answer to the third paragraph, in two paragraphs, was filed, the first being a general denial. A reply in denial was filed to the second paragraph of the answer. The issues were tried by a jury, who returned a verdict in favor of the appellee Nancy P. Beville for $175, upon which, over motions for a *venire de novo*, new trial, and in arrest of judgment, a judgment was rendered in her favor against the appellant, from which it has appealed to this court. The errors assigned are the rulings of the court upon the motions above mentioned. The motion in arrest of judgment assailed the sufficiency of the third paragraph of the complaint, which, in substance, averred that the appellant entered into an agreement, in writing, with the appellees to sell and assign to the appellee Nancy a certificate of sale executed to the appellant by the sheriff of Marion county, Indiana, for the real estate therein described, and for which certificate the appellees were to pay to the ap-

pellant upon the assignment of the certificate to Nancy the sum of $750; that the appellant, pursuant to said agreement, caused an assignment of the certificate to be properly endorsed thereon and forwarded the same to its agent at Indianapolis, Indiana, with instructions to deliver it to Nancy on the payment by her of the purchase-money therefor, a copy of which certificate and assignment were filed with and made parts of the complaint; that upon its receipt by the agent the appellees tendered to him, as such agent for the appellant, said sum of $750 in gold coin, and demanded from him the delivery to Nancy of the certificate and assignment, which he refused to deliver; that the appellant would not perform its contract; that the certificate at the time the tender was made and delivery refused was worth $2,500, and that by reason of the facts above recited the appellees had been damaged in the sum of $2,000, for which they demanded judgment. It was also averred that the appellees were unable to file with their complaint a copy of the agreement sued upon, because it was in the possession of the appellant.

The sole objection urged in this court to the complaint, by the appellant, is, that it appeared by the evidence adduced at the trial that the agreement of the appellant to assign the certificate to Nancy was conditional, and as it was not alleged in the complaint that the conditions upon which the assignment was to be made, as shown by the evidence, had been performed or waived, that the complaint, for that reason, was insufficient. The evidence can not be examined for the purpose of determining the sufficiency of the complaint. It is settled by the decisions of this court that a demurrer can be sustained only for defects apparent on the face of the pleading to which it is filed. *Douglass* v. *Blankenship*, 50 Ind. 160; *Hust* v. *Conn*, 12 Ind. 257.

If the complaint on its face had shown that the performance by the appellant of the agreement therein mentioned, and upon which the action was founded, was conditional, it

would have been essential to the sufficiency of the complaint to have alleged therein either the performance of the conditions or a waiver by the party in whose favor they existed of their performance. See *Newman* v. *Perrill*, 73 Ind. 153. But as it did not so appear, no such averment was necessary.

The appellant, in support of its motion for a *venire de novo,* insists that the verdict was so uncertain and defective in form that no judgment for a sum certain could be rendered thereon. It was as follows: `

" We, the jury, find for the plaintiff and assess her damages at one hundred and seventy-five dollars, with six per cent. interest.                                   MONROE BLACK, Foreman."

To authorize a *venire de novo,* the verdict must be so uncertain, ambiguous or defective that no judgment can be rendered thereon. See 1 Works Pr., section 970, and the decisions of this court there cited.

A verdict will not be rejected on account of mere informalities or technical defects, if it can be understood by the court. *Daniels* v. *McGinnis*, 97 Ind. 549 ; *Thayer* v. *Burger*, *ante*, p. 262. The court in this case correctly understood by the verdict that the sum assessed by the jury as damages was to draw six per cent. interest from the time of the rendition of the verdict, and rendered judgment thereon accordingly. The correctness of the judgment so rendered was not questioned by the appellant. No objection was made or exception reserved to its rendition, nor was any motion made to modify or vacate the same, or any part thereof. Its provision as to interest can not be assailed for the first time in this court. See *Train* v. *Gridley*, 36 Ind. 241.

Many reasons were assigned in support of the motion for a new trial, but the only ones discussed by the appellant in its brief question the sufficiency of the evidence to sustain the verdict, the correctness of an instruction given by the court to the jury, and rulings of the court below in the admission of certain evidence specified in the motion.

It clearly appears by the bill of exceptions that it does not

contain all the evidence rendered on the trial of the action, although it purports to do so. In the absence of the omitted evidence, we can not examine that which is in the record to determine its sufficiency to sustain the verdict. See *Ward* v. *Bateman*, 34 Ind. 110; *Morrow* v. *State*, 48 Ind. 432; *Hinkle* v. *Margerum*, 50 Ind. 240; *Hammon* v. *Sexton*, 69 Ind. 37; *Hendrix* v. *Rieman*, 90 Ind. 119; *Louisville, etc., R. W. Co.* v. *Porter*, 97 Ind. 267.

The appellant seeks to avoid the result that flows from its omission to embrace in the bill of exceptions all the evidence rendered on the trial, by filing in this court an affidavit in which it is asserted that the absent evidence was omitted therefrom by agreement of the parties to the action, which assertion is denied by the appellees in counter-affidavits filed by them. We can not consider or determine the controversy between the parties as to the cause of the omission to embrace in the bill of exceptions the absent evidence. We can look alone to the bill of exceptions to ascertain the facts in the case as developed by the evidence. See *Bartel* v. *Tieman*, 55 Ind. 438. And if it is, in that respect, deficient or imperfect, as in this case, its deficiencies or imperfections can not be supplied or remedied in the manner resorted to and adopted by the appellant. See *Blizzard* v. *Blizzard*, 48 Ind. 540.

The only instruction given by the court, of which the appellant complains, was as follows: " The plaintiffs must prove that there was such a contract as that set up in the third paragraph of their complaint, and that it was in writing; proof of a verbal contract will not suffice. Plaintiffs must also prove that it was signed by the defendant, or by some officer authorized to sign for the defendant. It is not necessary, however, that it should have been signed by the plaintiffs, or either of them. Neither is it necessary that such contract should have been all contained in a single writing, but it may be contained in letters constituting a correspondence between the plaintiffs and the defendant. If contained in letters, it is

not necessary that any of them should have been written by the plaintiffs personally, but it will be sufficient if the letter or letters containing the plaintiffs' proposition were written at their request, or in their behalf, or with their assent, and that the contents of the letter or letters containing the answer to such proposition were communicated to the plaintiffs and assented to by them." The sole objection presented by the appellant to this instruction is, that it permitted the jury to determine whether or not the letters referred to constituted a contract between the parties. The instruction is not justly subject to any such criticism. It merely informed the jury, as a legal proposition, that a contract need not be embraced in a single writing, but may be contained in letters constituting a correspondence between the parties, which was a correct statement of the law. See *Wills* v. *Ross*, 77 Ind. 1 (40 Am. R. 279).

The court, over the objection and exception of the appellant, admitted in evidence certain letters written by D. M. Bradbury for the appellees to the appellant, in which an offer by them for the purchase of the certificate in dispute was submitted to the appellant for its acceptance, and letters written by an authorized officer of the appellant in response thereto accepting the offer so made. These letters, which created and constituted the contract sued upon, were admissible for the purpose of proving the contract, as well as its terms and conditions. See *Wills* v. *Ross, supra*. They sufficiently identified the property which was the subject-matter of the contract.

This disposes of all the questions submitted for our consideration, and as there is no error in the record the judgment ought to be affirmed.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellants.

Filed Feb. 12, 1885.