State, *ex rel.* Howard, *v.* Crawfordsville and Shannondale T. P. Co.

No. 12,318.

THE STATE, EX REL. HOWARD, PROSECUTING ATTORNEY, *v.* THE CRAWFORDSVILLE AND SHANNONDALE TURN- PIKE COMPANY.

CORPORATION.— *Turnpike Company.*— *Consolidation.*— *Forfeiture.*—Where a duly organized turnpike company, acting under the advice of counsel, effects a consolidation, under one management, of its property and fran- chises with the property and franchises of an intersecting company, and the common management acts for more than twelve years without ques- tion by the State, when, by legal proceedings, the consolidation is de- clared void, and each company thereupon assumes control of its own property and exercises its own franchises, and so continues to act for more than one year without objection, there is no forfeiture of its rights by such company.

From the Montgomery Circuit Court.

*F. M. Howard,* Prosecuting Attorney, *J. M. Thompson, W. B. Herod, W. H. Thompson, G. W. Stafford* and *J. H. Bur- ford,* for appellant.

*P. S. Kennedy, S. C. Kennedy, G. W. Paul, J. E. Hum- phries, E. C. Snyder* and *W. W. Thornton,* for appellee.

HOWK, J.—This is an information in the nature of a *quo warranto,* in the name of the State, on the relation of Frank M. Howard, prosecuting attorney of the 22d Judicial Circuit, as plaintiff, against the Crawfordsville and Shannondale Turn- pike Company, as defendant. The cause was put at issue and tried by the court, and, at the defendant's request, the court made a special finding of the facts and stated its conclusion of law thereon. Over the exception of the plaintiff's relator to the court's conclusion of law, judgment was rendered thereon for the defendant.

In this court the only error relied upon by the plaintiff's relator for the reversal of the judgment below is, that the trial court erred in its conclusion of law upon its special finding of facts.

The court found the facts of this case to be substantially as follows: On the 31st day of August, 1865, there were or-

ganized under the statute the Crawfordsville and Darlington Turnpike Company, and the Crawfordsville and Shannondale Turnpike Company, each of which companies was a valid and legal corporation, with articles of association in due form, which articles of association of each of such companies were duly filed in the recorder's office of Montgomery county, wherein such companies were organized. Each company organized, elected the proper officers and obtained the consent of the board of commissioners of such county to construct its line of road upon the public highway described in its articles of association, which had been a public highway for fifty years continuously. Each corporation built its road; the Crawfordsville and Darlington Turnpike Company built six miles of road at an expense of $10,000, and the Crawfordsville and Shannondale Turnpike Company built seven miles of road at an expense of $12,000. After such roads were completed, to wit, on November 19th, 1866, the two corporations, by order of the board of directors of each corporation, attempted to consolidate themselves, and to assume the name of the Crawfordsville and Shannondale Consolidated Turnpike Company. The board of directors of each company agreed to such attempted consolidation, and so did all the stockholders of the two old corporations. The stockholders and directors of the old corporations had never issued any certificates of stock.

After the resolution was passed for the consolidation of the two corporations, the attempted consolidated turnpike company elected officers and took possession of such roads, and operated them, collected tolls and exercised all the rights of a corporation, and issued its bonds to the amount of $6,300, the debt of the two old corporations; and such consolidated company held and operated such roads from the 19th day of November, 1866, until the 16th day of November, 1878. During all such time such roads were held by such attempted organization, statements were filed and taxes paid, tolls collected

and the debts partly paid, and the roads were operated under such assumed corporate name.

On the 16th day of November, 1878, such attempted organization, the Crawfordsville and Shannondale Consolidated Turnpike Company, joined in articles of association with the Crawfordsville and Fredericksburg Turnpike Company (a duly and legally organized turnpike company of such county, which owned a road therein), and formed an attempted organization by the name of the Crawfordsville and Eastern Turnpike Company, under which name all of such roads were operated, and all the certificates of stock in the old companies were surrendered and cancelled, and, in lieu thereof, the attempted Crawfordsville and Eastern Turnpike Company issued other certificates. The attempted organization, the Crawfordsville and Eastern Turnpike Company, operated and held possession of such roads, had a board of directors, president and secretary, and assumed to act as a corporation, collected tolls, contracted and was contracted with, sued and was sued, and continued to act as a corporation until August, 1882, when the members of such organization and its board of directors held a meeting and abandoned such organization.

On the 9th day of May, 1879, the State of Indiana, on the relation of George W. Collings, Esq., then prosecuting attorney of the Twenty-second Judicial Circuit, filed an information in the nature of a *quo warranto* against the persons who were then claiming to be the officers, directors and stockholders of such attempted corporation, the Crawfordsville and Eastern Turnpike Company, which persons were the same persons then claiming to be the officers, directors and stockholders of the aforesaid Crawfordsville and Darlington, and Crawfordsville and Shannondale turnpike companies; and such cause was tried in the Montgomery Circuit Court, and judgment was there rendered therein in favor of such defendants and against the plaintiff's relator, and the relator appealed therefrom to the Supreme Court of this State, where such judgment was in all things reversed, and the opinion

and judgment of the Supreme Court are reported under the title of *State, ex rel.*, v. *Beck*, 81 Ind. 500. Thereafter, such cause was again submitted for trial to the Montgomery Circuit Court, on the 15th day of September, 1882, and it was then and there found, adjudged and decreed by such court that the defendants therein were guilty as charged, and were not a corporation under the name of the Crawfordsville and Eastern Turnpike Company, and that such pretended corporation was not legally organized, and there was no such corporation, and such defendants were enjoined from exercising any franchises as such corporation; that such corporation was illegal and void, and that such relator recover his costs of such defendants; which judgment and decree still remained in full force.

In August, 1882, the Crawfordsville and Darlington Turnpike Company, the Crawfordsville and Shannondale Turnpike Company, and the Crawfordsville and Fredericksburg Turnpike Company, each assumed control and elected officers and a full board of directors for each company, and each corporation took possession of the road originally held by it, and had since held possession and exercised full control over such road, collected tolls, built bridges and gravelled the roadway. When the Crawfordsville and Eastern Turnpike Company was dissolved, the stockholders in the original corporations, or the assignees of the orginal stockholders, by agreement divided up the interest claimed by each, and took such interest in the original corporation. From the time of the organization of the Crawfordsville and Shannondale Consolidated Turnpike Company down to August, 1882, the original corporations did not elect officers, nor hold any meetings, nor keep any books, nor make any debts, but they allowed all acts to be done by such consolidated turnpike company, until the formation of the Crawfordsville and Eastern Turnpike Company. In making such attempted consolidation, the officers, stockholders and agents acted under

the advice of counsel. The defendant in this cause was one of such original corporations.

By the different attempted consolidations the defendant herein, under the advice of counsel, intended and attempted to put its road under one management. The road mentioned in the complaint herein and the other road connected with it, which were controlled by the Crawfordsville and Shannondale Consolidated Turnpike Company, intersected each other. Some of the stockholders were such in both the original companies, and the consolidation was attempted to put both their roads under one management. From the —— day of ——, 1867, the defendant herein suffered and permitted such pretended corporations, the Crawfordsville and Shannondale Consolidated Turnpike Company and the Crawfordsville and Eastern Turnpike Company, to occupy and control the line of road mentioned in the complaint herein, and to erect toll-gates and collect tolls from travellers thereon, and to appropriate all the proceeds thereof to the use of such attempted corporations. Since August, 1882, the defendant herein has had toll-gates erected across and over such highway, and has compelled travellers to pay tolls for travelling thereon, which toll-gates are obstructions to the travel on and free use of such public highway. Such line of road is a road largely travelled by citizens of Montgomery county, in going to and returning from the large and populous city of Crawfordsville.

As its conclusion of law upon the above found facts, " the court now finds for the defendant.

· " (Signed) Wm. P. Britton, Judge."

Appellant's relator excepted to the court's conclusion of law; but he has in no way called in question, either below or in this court, the correctness of the facts specially found by the trial court. The relator admits, as the case is presented here, that the facts have been fully and correctly found by the circuit court, and presents for our decision this one question: Is there any error in the court's conclusion of law upon the facts so found? This is settled by the deci-

sions of this court.    *Cruzan* v. *Smith*, 41 Ind. 288; *Robinson* v. *Snyder*, 74 Ind. 110; *Schindler* v. *Westover*, 99 Ind. 395.

The relator earnestly insists, in argument, that the facts found by the court conclusively show that the appellee voluntarily abandoned its property and franchises, and permitted a stranger to take possession thereof, as long ago as the 19th day of November, 1866; that, for nearly sixteen years thereafter, or until August, 1882, the appellee was possessed of no property, had exercised none of the franchises of a turnpike company, and had not performed a single corporate act prescribed or required by the law of its being; and that, after such a lapse of time, the appellee could not lawfully possess itself of its property, so long unclaimed or abandoned, nor assume the exercise of its franchises as a turnpike corporation, so long neglected, discarded or virtually surrendered. This is the gist of the relator's argument, as we understand it, and it has the merit, at least, of ingenuity and plausibility. We can not agree, however, with the relator or his counsel, that the facts found by the court make any such showing as it is claimed they do; and, therefore, we have been unable to reach the conclusion that the trial court has erred, as the relator and his counsel claim, in its application of the law to the facts of this case.

The fundamental fact found by the court, and one that must not be lost sight of, in the consideration of this cause, is the fact that nearly nineteen years ago the appellee built its road seven miles in length, at an expense of $12,000 to its corporators or stockholders. It was also found by the court, as a fact, that on and before the 19th day of November, 1866, the appellee was duly and legally incorporated as a turnpike company, in full possession of its road aforesaid, and in the lawful exercise of all the franchises of such a corporation. With these facts as the basis of this case, the question we are required to consider and decide, it seems to us, may be stated thus: Are the other facts found by the court such as would, or ought to, work a forfeiture of the ap-

pellee's property and franchises, or as would justify the State in claiming, or authorize the courts to grant, a judgment of ouster and exclusion against the appellee, its officers and stockholders? In considering a similar question, in *Moore* v. *State, ex rel.*, 71 Ind. 478, the court said: "It should be the policy of the State and of its officers of all grades, as it seems to us, to foster and encourage in all legitimate ways the organization of turnpike and gravel road corporations, and the construction and maintenance of their roads. The rights, privileges and franchises of such corporations, we think, should not be declared forfeited, and they should not be ousted and excluded therefrom, except for solid, weighty and cogent reasons, for the violation of a positive and prohibitory statute, and not of a statute whose provisions are permissive and apparently directory, and never upon merely technical grounds." *Smelser* v. *Wayne, etc., Tp. Co.*, 82 Ind. 417; *State, ex rel.*, v. *St. Paul, etc., Tp. Co.*, 92 Ind. 42.

With these views in mind, we are of opinion that the facts found by the court in the case in hand do not show that the interests of the public would be subserved by a judgment in favor of the State, declaring a forfeiture of the appellee's franchises, and ousting and excluding it from the possession of its road and other corporate property. Certainly, it is not shown in the special finding of facts that the appellee, or its stockholders, ever abandoned, or intended to abandon, its road or other property, or ever surrendered, or intended to surrender, any of its franchises to the State or to a stranger. Considering together all the facts found by the court, the utmost that can be said against the appellee or its stockholders is that, acting under the advice of counsel, the appellee and the Crawfordsville and Darlington Turnpike Company, a corporation owning a road intersecting the appellee's road, attempted to consolidate the property and franchises of the two corporations, and to place their two intersecting roads under the common management of a single board of directors, by

the agreement and consent of the directors and stockholders of each of the two corporations.

This, the court found, was done, or attempted to be done, on the 19th day of November, 1866; and thereafter the appellee's road and the road of the other corporation continued, without objection or question by the State or any of its officers, or by any one else, under the management and control of a common board of directors, for more than twelve years. It was not found by the court, nor is it now claimed by the appellant's relator, that the rights of the State or the interests of the public were injuriously affected in any wise by the attempted consolidation of the property and franchises of the appellee with the property and franchises of the Crawfordsville and Darlington Turnpike Company, or by the management and control of the intersecting roads of the two corporations by a common board of directors. But, in the case of *State, ex rel.,* v. *Beck,* 81 Ind. 500, mentioned in the special finding of facts, it was substantially held by this court that the attempted consolidation of such road corporations was not authorized by law, and was, therefore, void. Almost as soon, apparently, as this decision was announced, the attempted consolidated company fell apart, and each of the constituent corporations, acting under the advice of its counsel, assumed the possession of its corporate property and franchises, as the same were held and enjoyed by it and its stockholders before and at the time of such attempted consolidation.

This, the court found, was done by the appellee in August, 1882; that it then elected officers and a full board of directors, and took possession of the road originally held by it, and had since held possession and exercised full control over such road, collected tolls, built bridges and gravelled its roadway. These things were allowed to be done by the appellee and by its officers and stockholders, without any objection thereto by or on behalf of the State, or by any one else, for more than one year, or until the commencement of this suit, in the December term, 1883, of the trial court. It is claimed by the appellant's relator,

as we understand his position, that the appellee had ceased to be a corporation, and had forfeited its corporate property and franchises, because it did not, during the continuance of the attempted consolidation, and before the same was declared illegal and void, keep up its separate organization, and separately exercise its corporate franchises. This position, we think, ought not to and can not be maintained. *Ketcham* v. *Madison, etc., R. R. Co.*, 20 Ind. 260.

Our conclusion is, that upon the facts specially found the trial court did not err in finding for the appellee, as its conclusion of law.

The judgment is affirmed.

Filed June 9, 1885.