Blair *v.* Curry *et al.*

---

## BLAIR *v.* CURRY ET AL.

[No. 18,208.    Filed April 6, 1897.    Rehearing denied Mar. 18, 1898.]

APPEAL.—*Trial by Jury.—Waiver.*—A jury trial is waived by failure to demand it at the time of trial; a demand at a previous term of court is insufficient.  *pp. 100, 101.*

SAME.—*Exception to Conclusions of Law Admits Correctness of Findings.—New Trial.*—Exception to conclusions of law is an admission that the facts have been fully and correctly found.    The remedy to correct the findings of the court is by motion for new trial.  *p. 101.*

SAME.—*Record.—Agreement of Attorneys to Cure Defects.*—An agreement in writing, signed both by the counsel for appellant and appellee, waiving deficiencies in the record, cannot be considered, where such agreement, though copied in the record, is not made a part thereof by order of court or bill of exceptions.  *pp. 102-104.*

SAME.—*Record.—Bill of Exceptions.*—The bill of exceptions controls when there is a contradiction between it and the record.  *pp. 103, 104, 106.*

EQUITY.—*Action to Compel Production of Sheriff's Certificate, when not Triable by Jury.*—An action by the surviving heirs of the deceased assignee to compel defendant to produce to the sheriff the certificate of a sheriff's sale of real estate, in order that the sheriff might execute a deed thereon to the plaintiffs, is an equitable proceeding, and not triable by jury. *p. 107.*

From the Fayette Circuit Court. *Affirmed.*

*Thomas D. Evans,* for appellant.

*L. H. Stanford, G. W. Pigman, Reuben Conner* and *J. M. McIntosh,* for appellees.

McCABE, J.—The appellee sued the appellant in the Union Circuit Court to compel him to produce a certificate of a sheriff's sale of eighty acres of land in Union county, in order that the sheriff of that county might execute a deed thereon to the appellees, as the sole surviving heirs of the deceased assignee of said certificate. The venue was changed to the Fayette Circuit Court where the issues formed upon the complaint were tried before the Hon. David W. McKee, as special judge, resulting in a special finding on which conclusions of law were stated. Pursuant to the conclusions of law, the court rendered judgment for the plaintiffs. The errors assigned call in question the action of the court in overruling a demurrer to the complaint for want of sufficient facts, the conclusions of law, and in overruling appellant's motion for a new trial. The appellant's brief points out no objection to the sufficiency of the complaint, and hence, such alleged insufficiency is waived.

One of the grounds specified in the motion for a new trial was the action of the trial court in overruling appellant's motion for a jury trial of the cause. A bill of exceptions shows that a demand was made for a jury trial by the appellant on the ninth judicial day of the May term for 1895, which demand was refused at that time. And such bill shows that the

cause was tried at the October term for 1895, by the court without a jury.   But there is no showing in the bill that any demand or request was made at that term for a jury.   It is not clear from the other parts of the record but that the trial took place at the May term.   If even the other parts of the record made it appear that the trial took place at the May term, the bill of exceptions in contradiction thereof showing that it took place at the October term controls.   *State* v. *Flemons,* 6 Ind. 279; *Carmichael* v. *Shiel,* 21 Ind. 66; *Indiana, etc., R. W. Co.* v. *Adams,* 112 Ind. 302. Therefore, at the time this record shows the trial took place, there was no demand or request made that the cause be tried by a jury, or that a jury be impaneled to try the cause.   Failure to demand a jury at the time the trial begins is a waiver thereof.   *Madison, etc., R. R. Co.* v. *Whiteneck,* 8 Ind. 217, 218; *Jarboe* v. *Severin,* 112 Ind. 572, 574; 2 Elliott's Gen'l Prac. 506. We intimate no opinion whether the case was one in which a jury trial was demandable or not.

The appellant in his brief points out no valid objection to the conclusions of law.   The only objection made to the conclusions of law is stated by appellant's brief thus:   "We think that the conclusion of law upon the facts found was erroneous, for the reason that the court failed to find many of the material facts alleged in the complaint, and introduced in evidence, * * * and * * * failed to find any of the facts set out in the complaint and answer with reference to the ownership of the land under the Blair will."   The exception to the conclusions of law is an admission that the facts have been fully and correctly found.   *Lockwood* v. *Dills,* 74 Ind. 56; *Robinson* v. *Snyder,* 74 Ind. 110; *Gregory* v. *Van Voorst,* 85 Ind. 108; *Maxwell* v. *Vaught,* 96 Ind. 136; *Kinsey* v. *State, ex. rel.,* 98 Ind. 351; *State, ex rel.,* v. *Emmons,* 99 Ind.

452; *Shoemaker* v. *Smith*, 100 Ind. 40; *State, ex rel.*, v. *Crawfordsville, etc., Turnpike Co.*, 102 Ind. 283; *Hedges* v. *Keller*, 104 Ind. 479; *Bass* v. *Elliott*, 105 Ind. 517; *Kurtz* v. *Carr*, 105 Ind. 574; *Burdge* v. *Bolin*, 106 Ind. 175; *Lake Erie, etc., R. W. Co.* v. *Griffin*, 107 Ind. 464; *Wynn* v. *Troy*, 109 Ind. 250; *Center Tp.* v. *Board, etc.*, 110 Ind. 579; *Gardner* v. *Case*, 111 Ind. 494; *Warner* v. *Sohn*, 112 Ind. 213; *Neisler* v. *Harris*, 115 Ind. 560; *State, ex rel.*, v. *Vogel*, 117 Ind. 188; *Blair* v. *Blair*, 131 Ind. 194; *McCrory* v. *Little*, 136 Ind. 86; *Fulh* v. *Beaver*, 136 Ind. 319.

If all the facts within the issues that are established by the evidence are not found, or if facts are stated in the special finding not established by the evidence, the remedy is by a motion for a new trial, and not an exception to the conclusions of law or a *venire de novo*.   *First Nat'l Bank* v. *Carter*, 89 Ind. 317, 323; *Quick* v. *Brenner*, 101 Ind. 230, 235; *Beeter* v. *Sellers*, 102 Ind. 458, 460; *Hamilton* v. *Byram*, 122 Ind. 283; *Lake Shore, etc., R. W. Co.* v. *Van Auken*, 1 Ind. App. 492, 497; *Chicago, etc., R. R. Co.* v. *Barnes*, 2 Ind. App. 213, 218.

The motion for a new trial assigns as reasons therefor that the finding is contrary to law and the evidence, and is not sustained by sufficient evidence. Not one single reason is stated in appellant's brief why the finding is contrary to law, or why it is contrary to or not sustained by the evidence, nor is there any attempt to do so in the appellant's brief.   If there was such an attempt sufficient to rescue the case from the well known rule that such failure works a waiver of the alleged error, we could not consider the question, because the formal conclusion of the bill of exceptions instead of showing that the bill contains all the evidence given in the cause, as must be the

case before we can consider its sufficiency, it shows affirmatively that it does not contain all the evidence in the cause.    It shows that the larger part of the evidence has been omitted, and that evidence was absolutely essential in the cause.    This defect is attempted to be obviated by an agreement in writing, signed by the counsel on both sides, to the effect that such omission was caused by the loss of the documents which had been omitted from the bill of exceptions, and to the further effect that the hearing of the cause in the appellate court shall be considered as regular in every respect, and no advantage shall be asked or taken of the fact that said evidence is not copied into the record.    There has been no attempt on the part of appellees' counsel to violate such agreement, if any such was made.    But the paper purporting to be such agreement is a collateral paper, and not a part of the record, except made so by a bill of exceptions or order of court.    Section 662, Burns' R. S. 1894 (650, R. S. 1881).

There was no bill of exceptions or order of court making the same a part of the record, but it is simply copied into the transcript.    That did not make it a part of the record.    Hence we cannot recognize it as having any force or effect, because not a part of the record.    We do not mean to intimate that it would have cured the defect in the bill of exceptions if it had been properly brought into the record.    We do not decide that question.    The attempt has been made to obviate this defect in the bill of exceptions by another agreement in writing, signed by the counsel on both sides, and approved by the special judge on February 12, 1896, the original of which is attached to the transcript, and was so attached long after the transcript was filed in this court on December 23, 1895.    Such agreement is to the effect that in as

much as the stenographer had found the several documents that had been put in evidence, and subsequently lost, that such stenographer might insert copies of said documents in said record, "the same to be considered by your court without objection on the part of either of us." Appeals must be tried by the record, and by the record determined. Elliott App. Proc., section 186, and authorities there cited. The agreement mentioned is no part of the record. And, even if it were, it is not competent for parties, by agreement, to change a bill of exceptions or other part of a record after it has been filed in this court, even though the judge below, or the special judge who had tried the case, should approve of such agreement. Such an agreement would make the record in this court an entirely different record from what it was in the trial court. That cannot be done. Elliott's App. Proc., section 188, and authorities there cited. *Evans* v. *Schafer*, 38 Ind. 92; *Thames, etc., Co.* v. *Beville*, 100 Ind. 309; *Blizzard* v. *Blizzard*, 48 Ind. 540.

It appears from the transcript that twenty-one pages, purporting to be copies of deeds and a judgment, have been pasted into the bill of exceptions pursuant to the agreement mentioned since the transcript was filed here. The trial judge has certified in his conclusion to the bill of exceptions that these documents are not in the bill. That was the record when the case was at an end in the trial court. Such bill of exceptions imports absolute verity, and cannot be contradicted in this court. *Beavers* v. *State*, 58 Ind. 530; *Walls* v. *Anderson, etc., R. R. Co.*, 60 Ind. 56; *Thames, etc., Co.* v. *Beville, supra.* The agreement of the parties cannot make a different record in this court from that which was made in the trial court. *Burkan* v. *McElfresh*, 88 Ind. 223; *Burdick* v. *Hunt,*

43 Ind. 381. The evidence not being in the record, we cannot consider whether the finding is unsupported thereby or not. Judgment affirmed.

### ON PETITION FOR REHEARING.

McCABE, J.—Counsel complain bitterly because we held in the original opinion that the refusal of the request for a jury trial did not occur at the term of court at which the trial occurred, and that as no jury was demanded at the term at which the trial took place, the right to a jury trial was waived by the appellant. On this petition counsel quote the order-book entry, which we may concede shows that the trial of the issues took place at the May term, 1895, and immediately following the refusal of appellant's demand for a jury trial, and shows that such trial, so far as the evidence and argument is concerned, according to said order book, was concluded at the May term, 1895, running into June, 1895. But the bill of exceptions taken by appellant, and doubtless drawn up by counsel now so harshly assailing this court, states the order of the events differently. This circumstance the irate counsel finds it quite to his purpose to ignore, and it was upon that express ground that the original opinion based the holding that there was no demand for a jury at the term at which the trial occurred.

Counsel, in preparing the bill of exceptions on behalf of the appellant, seems to have entertained a fear that this court could not understand the order of events of the trial from the order book entry, and hence was very specific, and placed that matter beyond all doubt or cavil, if a bill of exceptions imports verity. It reads thus: "Be it remembered that on the day of 29th May, 1895, it being the ninth judicial day of the spring term, of the Fayette Circuit Court,

the Honorable David W. McKee, special judge, presiding, the following proceedings were had and held: James Blair, by his attorney, Thomas D. Evans, filed a written motion to this court asking that the cause be tried by a jury, which motion, after argument, was overruled, to which ruling of the court the said James Blair at the time excepted. Be it further remembered that this cause coming on to be heard was heard, before the said Judge on the 26th day of October, 1895, upon the issues formed, when and where the plaintiff and defendants, to maintain the issues introduced the evidence which is set out in the longhand manuscript reports of the reporter." We cited a long list of the decisions of this court in our former opinion, holding that where the bill of exceptions contradicts the order book entry as to the order of events, that the bill of exceptions importing absolute verity must control. The law compelled us to rule as we did on this point, and not because we had any choice as to which party should prevail in this court. If the bill of exceptions is so framed as to make the record speak untruly, it is not the fault of this court, but undoubtedly is the fault of appellant's counsel.

It is also urged with great fervor that we erred in holding that a large batch of documentary evidence, attempting to be injected into the bill of exceptions, and into the transcript after the same had been filed in this court, could not be legally done so as to make it a part of the record, even though there was an agreement signed by the attorneys on opposite sides that it might be so injected. And we are cited to the statute providing that an attorney has power "to bind his client in an action or special proceeding by his agreement filed with the clerk, or entered upon the minutes of the court, and not otherwise." Section 980, sub. 1, Burns' R. S. 1894 (968, R. S. 1881). There

Blair *v.* Curry *et al.*

are many agreements that attorneys cannot make under this statute. As a general thing they cannot make an agreement that is valid in a case if the client could not make the same contract binding. Accordingly it has been held that an attorney cannot, by agreement, extend the time in which an appeal may be taken (*Louisville, etc., R. W. Co.* v. *Boland,* 70 Ind. 595); nor by agreement extend the time for filing a bill of exceptions (*Goben* v. *Goldsbury,* 72 Ind. 44). *Truitt* v. *Truitt,* 38 Ind. 16, was a very different case from the one before us. That was an agreement entered upon the record in the trial court concerning matters occurring during the progress of the cause in the trial court. But, says an eminent author, "a stipulation between counsel that the testimony as taken by the court stenographer shall be the record in the case, will not supply the place of a bill of exceptions duly authenticated and certified." Weeks on Attorneys, section 236a. To the same effect, and deciding the precise point now in question against appellant's contention, is *Davis* v. *Union Trust Co., ante,* 46.

There never was anything in the vehement complaint about the refusal of appellant's demand for a jury trial. The complaint disclosed that the plaintiff's mother purchased certain real estate at sheriff's sale for which a certificate in due form was issued by the sheriff to her. That she afterwards died intestate the owner of said certificate, leaving plaintiffs her sole heirs. That she left no debts, and that the defendant, through the death of the certificate owner, had gotten possession thereof without any title to the same. That the year for redemption had expired, and the sheriff of the county, who is also made a defendant, refused to make a deed to appellees as the sole heirs of the deceased owner thereof unless the certificate was produced, and that defendant had on a

proper demand refused to produce it.    Prayer that defendant be compelled to produce the certificate to the sheriff, and that such sheriff thereupon be compelled to execute a deed to them as required by the terms of said certificate.    Such a complaint made a case that was of exclusive equitable jurisdiction prior to June 18, 1852, and therefore was not triable by jury. There was no error in refusing the appellant's demand for a jury trial.    Petition overruled.