*J. B. Niles*, for the appellant.

---

SHULL and Others *v.* KENNON and Wife.

Under the statute of 1843, a cause was not discontinued by a failure of the clerk to enter continuances, though such entries, when made, were a part of the record, as were the entries of the filing of papers.

The statute of 1843 authorized the Court of Probate to be held at the clerk's office, and declared that the place where the Court was held for the time being should be considered the court-house.

The fact that a part of the heirs of an estate are infants, is no bar to a suit by any one of them for partition; and the Court may set off the share of a single heir, leaving the shares of the others undivided, if such partition is desired, and the property is susceptible of division without injury to the estate.

Where partition cannot be made, a sale of the property is legal.

A party to a partition suit will be held to be a competent appraiser of the lands, upon proceedings being taken for the sale thereof, if it do not appear

that he is an heir, a devisee, a legatee, or a purchaser of some part thereof, or that he is otherwise interested.

· Where lands to be divided lie in two counties, partition or sale of them may be made by the Court in one of the counties, and only one set of appraisers is necessary.

*May Term, 1859.*

*SHULL v. KENNON.*

APPEAL from the *Marion* Court of Common Pleas.

*Monday, May 23.*

PERKINS, J.—At the *April* term, 1851, of the Court of Probate for *Marion* county, *Indiana, Thomas Kennon* and *Margaret Kennon*, his wife, (late *Margaret Shull*,) filed a complaint for partition of the real estate of *John Shull*, deceased, which was situate in *Marion* and *Hamilton* counties, in the state of *Indiana*. The part lying in *Hamilton* county was separate from that lying in *Marion*.

*Margaret Kennon* was one of the heirs of *John Shull*. The other heirs, being infants, were made defendants, and on the 7th of *May*, 1851, were served with process. They made default at the *February* term, 1852. A guardian *ad litem* was appointed for them, who answered the complaint. Partition was ordered, and commissioners were appointed to make it, at said term. They reported partition impracticable, a sale of the lands was ordered, and appraisers were appointed. The appraisement was returned to the *April* term, 1852, and a sale thereupon ordered. The sale was reported to the *August* term, 1852, confirmed by the Court, and a distribution of the proceeds of the sale ordered.

The sessions of the Court, during these proceedings, were in the clerk's office.

The errors assigned upon appeal to this Court are—

1. Judgment against the defendants after a discontinuance of the cause.

2. Holding of the Court at a place to which defendants were not summoned.

3. Partition and sale ordered which the infant defendants did not ask.

4. A party defendant was one of the appraisers and commissioners.

5. Appraisers from *Marion* appraised the land in *Hamilton* county.

May Term, 1859.

SHULL v. KENNON.

Under the provisions of our statute, a cause is not discontinued by a failure of the clerk to enter continuances. R. S. 1843, pp. 623, 625.—Ind. Dig. 677. Though, it is true that his entries of them, when made, are a part of the record, as are his entries of the filing of papers.

The statute authorized the Court to be held at the clerk's office, and declared that the place in which the Court was held for the time being should be considered the court-house. R. S. 1843, *ubi supra.* Besides, the summons to the defendants was to appear at the court-house, not in a particular room in it. This Court cannot judicially know that the county clerk's office is not in the court-house.

The fact that a part of the heirs were infants was no bar to a suit by any one of them for partition. R. S. 1843, pp. 811, 812.

It was competent for the Court to set off the share of a single heir, leaving the shares of the others undivided, if such partition was desired, and the property was susceptible of division without injury to the estate; but here no such partition was asked, and the commissioners reported the property not susceptible of division. This report was confirmed by the Court. The evidence that may have been heard by the Court, is not upon the record, and there is nothing appearing which shows that the Court committed any error. All the steps required by the statute seem to have been taken.

A sale was legal where the property could not be divided. R. S. *supra,* 814.

The fourth assignment of error is upon a question of fact which may, and may not, be as asserted in the assignment. The fact that the name is the same in each case, does not conclusively prove that the person was. But concede the fact to be true, nothing appears showing that that person was not perfectly disinterested. He was the administrator of the estate of *John Shull,* deceased. Why he was made a defendant to the partition suit is not very apparent. He was no heir, nor legatee, nor devisee. Nor was he a purchaser of any part of the lands. We see

nothing disqualifying him to act impartially with his asso-　
ciates in discharging the duties to which he was appointed.

As the lands to be divided lay in two counties, partition　
or sale could be made of them by the Court in one of
these counties; and we have seen nothing in the statute
requiring two sets of appraisers.

*Per Curiam.*—The judgment is affirmed with costs.

*A. G. Porter* and *L. Barbour*, for the appellants.

*J. L. Ketcham*, *I. Coffin*, and *R. L. Walpole*, for the appellees.