*J.* and *H. C. Pitcher*, for appellee.

---

## Numbers and Another *v.* Bowser and Others.

PLEADING.—To an action upon a note, the defendant pleaded a partial failure of consideration, by reason of the non-delivery of certain parts of a steam saw mill, for the price of which the note was given, and the non-delivery of any part of the machinery at the time agreed upon. No damage was alleged to have resulted from the delay in delivery. Reply, alleging matter in avoidance of the answer, as to the alleged non-delivery of the specific articles named in the answer, and concluding "that as to said items defendants ought not to sustain their answer."

*Held*, that the reply was not bad for assuming to avoid the entire answer, *first*, because the concluding averment showed that it was limited to the alleged non-delivery of the specific articles, and *second*, because, as no damage was alleged to have resulted from the delay in the delivery, there was nothing as to this matter to reply to.

SAME.—AMOUNT CLAIMED.—Where the damages demanded in a complaint upon promissory notes were less than the finding, owing to the accumulation of interest after suit, it was held that as the defect was amendable at any time below, it would be treated as amended on appeal.

APPEAL from the *Adams* Common Pleas.

ELLIOTT, J.—*Bowser* and others sued *Numbers* and *Blackburn*, the appellants, on three promissory notes. An answer,

consisting of five paragraphs, was filed to the complaint. The replication contained a denial, and also seven special paragraphs. A trial was had, resulting in a finding for the plaintiffs, on which there was judgment, a motion for a new trial having been overruled.

The third paragraph of the answer, which was pleaded to the second paragraph of the complaint, alleged a failure of consideration as to the sum of $400 of the note referred to in that paragraph. It avers that the note was given in part consideration of a written agreement of the plaintiffs to furnish to the defendants an engine, with certain other machinery, apparatus and fixtures, for a saw mill, among which was a sheet-iron chimney, with mud pipe and dome to the boiler, a carriage twenty-eight feet in length, and fifty-six feet of iron for the carriage to run on, all to be delivered to the defendants on the 5th of *March,* 1866. It then avers that the plaintiffs failed to furnish said mud pipe, which was of the value of $200; that they failed to furnish twenty feet of the fifty-six feet of iron for the carriage to run on, said twenty feet being of the value of $50; that they failed to furnish a carriage twenty-eight feet long, it being of the value of $280, and that they also failed to furnish any part of said machinery before the 5th day of *May,* 1866, and then concludes thus: "And the defendants have demanded of the plaintiffs the said articles mentioned, and the plaintiffs have failed and neglected to furnish the same to defendants, wherefore the consideration of said note has failed to the amount of $400."

The third paragraph of the reply was directed to this paragraph of the answer, and the defendants demurred to it, but the court overruled the demurrer. This is one of the alleged errors complained of. The objection urged to the reply is, that it assumes to avoid all the matters set up in said third paragraph of the answer, but fails to answer the allegation that the plaintiffs failed to furnish any part of said machinery on the 5th of *March,* according to the terms of the contract.

We do not understand the reply as assuming to cover the whole of the third paragraph of the answer. It states matters in avoidance of the claims on account of the carriage, and the twenty feet of iron for the carriage to run on, and concludes with the statement that, "as to the said items, the said defendants ought not to sustain their answer." The objection is not well founded for another reason. The plaintiff was only required to reply to such matter in the answer as was well pleaded. No injury is shown to have resulted to the defendants because of the non-delivery of the machinery until two months after the time required by the contract. The answer does not claim any damages, or any abatement of the sum demanded by the plaintiff, by reason of such failure. It, in effect, admits the subsequent delivery of all the machinery, except the specified items, and the receipt thereof by the defendants, and fails to show that they sustained any injury by the delay; that portion of the paragraph of the answer contained nothing, therefore, to which a reply was required.

The court also overruled a demurrer to the sixth paragraph of the reply, which was pleaded to the second paragraph of the answer to the third paragraph of the complaint. This ruling is objected to for the same reason urged to the paragraph just examined. What has already been said in reference to that paragraph, applies with equal force to this.

Another objection urged to the action of the court below is, that the finding and judgment exceed the amount claimed by the complaint. The complaint demanded judgment for $1,600. The judgment rendered is for $1,616 16. The excess was caused by interest on the notes, which accrued after the suit was brought. The amount demanded was large enough, if the judgment had been rendered at the first term after the suit was commenced, but the case was continued to a subsequent term, at the instance of the appellants, and the interest on the notes, after the continuance, increased the amount to a sum greater than that de-

manded in the complaint. The complaint might have been amended in that respect, at any time, in the court below, and should be deemed to be amended by this court. This question was fully examined in *Webb* v. *Thompson*, 23 Ind. 428, in which the objection was held to constitute no ground for a reversal under the code.

Two of the notes sued on were dated *March* 15, 1866, and were described in the complaint as having been executed at that date. On the trial of the cause, the defendants gave in evidence two receipts of the plaintiffs; one for $270, dated *April* 3, 1866; the other for $100, "on account," dated *May* 19, 1866. Neither of them made a specific application of the money paid. The defendants also gave in evidence the article of agreement between the parties, by which it appeared that the whole price of the engine and machinery was $3,456, of which the sum of $1,100 was to be paid at the time of delivery, *March* 15, 1866, and the residue in deferred payments, with interest.

After this evidence was given, the court permitted *Joseph R. Prentice*, one of the plaintiffs, to testify, over the defendants' objection, that the two notes for $728 each were, in fact, executed and delivered on the 28th of *July*, 1866, but were dated *March* 15, 1866, to cover interest from the date they should have been given. It is insisted that this evidence was inadmissible, as it contradicted the allegations of the complaint.

After the finding of the court was announced, the plaintiffs were permitted to amend the complaint so as to make it conform to said evidence. The action of the court is clearly justified by sections 94 to 99, inclusive, of the code, and the amendment of the complaint will be regarded as relating back to the time the evidence was given, the justice of the case requiring it, and no substantial right of the defendants upon the merits being thereby affected.

The evidence, however, was harmless, independent of the amendment. The whole evidence given in the case is in the record, from which it clearly appears, without contra-

diction, that the receipts given in evidence were for payments made on the amount due at the time of the delivery of the machinery, while the notes were given for deferred payments. The evidence discloses the fact that there was no merit in the defense, and the finding and judgment are right upon the merits, beyond question.

The judgment is affirmed, with five per cent. damages and costs.

*J. C. Bobo, J. E. McDonald* and *A. L. Roache*, for appellants.

*D. Studabaker*, for appellees.