## BARNES and Others *v.* SMITH.

PRACTICE.—*Default.—Motion to Set Aside.—Rule of Court.*—Judgment having been rendered by the court of common pleas against the defendant in a suit on a promissory note, he moved that the default be set aside, and that he be allowed to answer, on the ground (disclosed by his affidavit and that of his attorney) that the attorneys for the parties had agreed by parol, out of court, that there should be a judgment for the plaintiff, by default, but that it had been taken for a larger sum than that mentioned in said agreement. A rule of said court provided that admissions or agreements about the proceedings in a cause would not be enforced, or the time of the court be permitted to be used in discussing them, unless in writing, or made of record, or in presence of the court. *Held,* that under said rule and the statute, 2 G. & H. 328, sec. 772, there was no error in overruling said motion.

SAME.—*Amendment.—Demand of Judgment.*—In said cause, at or after said default, the complaint was amended so as to claim a larger sum as the amount of the judgment. The amount of the judgment taken was authorized by the terms of the note in suit. Motion by the defendant, which was overruled, to strike out the larger sum and restore the smaller, the defendant's attorney, in an affidavit filed by him in support of said motion, stating his belief that the alteration had been made without leave of court. *Held,* that it was immaterial in the Supreme Court whether said amendment was made or not in the court below.

Barnes and Others *v.* Smith.

APPEAL from the Marion Common Pleas.

DOWNEY, J.—Suit by the appellee against the appellants on a promissory note. Judgment by default. Motion by defendants to set aside the default, and to be allowed to answer. The ground of the motion, as disclosed by the affidavit of one of the defendants and that of the attorney for the defendants, was that the atorneys of the parties had agreed that there should be a judgment for the plaintiff, by default, but that the judgment had been taken for a larger sum than had been mentioned in the agreement. The agreement was by parol and made out of court. There was a rule of the court that "admissions or agreements about the proceedings in a cause will not be enforced, or the time of the court permitted to be used in discussing them, unless in writing, or made of record, or in presence of the court."

This rule is sufficiently liberal, and perhaps goes beyond the statute, which provides that an attorney has authority, until discharged or superseded by another, to bind his client in an action or special proceeding, by his agreement, filed with the clerk, or entered upon the minutes of the court, *and not otherwise.* 2 G. & H. 328, sec. 772.

The common pleas could not give effect to the parol agreement made out of court without violating its own rule and at the same time disregarding the statute.

The complaint had been amended, at or after the time of the default, so as to claim five hundred dollars, instead of four hundred dollars, as the amount of the judgment. The defendants moved the court to strike out the five hundred dollars, where it had been inserted, and restore four hundred dollars. This motion was overruled. It was based on the affidavit of the counsel for the defendants stating his belief that the alteration had been made without leave of the court.

The amendment might have been made in the common pleas, and if it had not been there made would not have been any ground for reversal in this court *Webb* v. *Thompson,* 23 Ind. 428; *Numbers* v. *Bowser,* 29 Ind. 491.

The amount of the judgment was authorized by the terms of the promissory note on which the suit was brought.

The judgment is affirmed, with costs.

*R. Denny,* for appellants.

*R. M. Goodwin,* for appellee.