## BARGIS *v.* FARRAR ET AL.

PRACTICE.—*Bill of Exceptions.—Motion to Suppress Parts of Deposition.—*
Where failure to suppress certain parts of a deposition is assigned as a reason for a new trial, and there is no bill of exceptions showing the motion to suppress or the parts of the deposition proposed to be suppressed, the Supreme Court cannot review the action of the lower court.

SAME.—*Time of Filing Bill of Exceptions.—*Where a bill of exceptions says on its face that it is filed in time, and is signed by the judge, this can only mean that the judge signed it in time. Only the clerk can say when a bill of exceptions or other paper or pleading was filed.

JURISDICTION.—*Amount.—*Where a justice of the peace has jurisdiction of the amount due at the time of suit, if, by the action of the defendant, judgment is delayed by appeal, until interest added to the principal exceeds the amount of which a justice of the peace has jurisdiction, it is not error for the court to give judgment for the full amount due.

From the Wayne Civil Circuit Court.

*W. A. Bickle,* for appellant.

*H. B. Payne,* for appellees.

PETTIT, J.—This suit was brought by the appellees against the appellant, before a justice of the peace, on two promissory notes. The defendant expressly waived the general denial and pleaded two special answers of failure of consideration.

On the day set for trial the defendant did not appear, and judgment was rendered against him by default. This judgment, on motion, was set aside, and another day was set for the trial. On that day the defendant did not appear, and judgment by default was again rendered against him, from which he appealed to the circuit court, where it was tried by

the court, resulting in a finding and judgment for the plaintiffs for the amount of the notes and interest thereon.

A motion was made for a new trial, for the reasons, "1. The court erred in refusing to suppress the parts of Fisk Farrar's deposition set out in these words, to wit, question 7 and answer, question 9 and answer, question 11 and answer, and question 13 and answer.

"2. The finding and judgment are contrary to law.

"3. The finding and judgment are contrary to the evidence.

"4. The finding and judgment are excessive."

This motion was overruled, and exception taken.

The assignments of errors are:

"1. The court erred in overruling the motion for a new trial.

"2. The court erred in rendering judgment without relief from appraisement laws.

"3. The court erred in rendering judgment for more than the justice of the peace had jurisdiction of."

As to the first cause for a new trial, we say that no bill of exceptions contains the motion to suppress or the parts of the deposition asked to be suppressed, hence we cannot say that the court erred. As to the second, third, and fourth reasons for a new trial, we can only say that we are unable to see why the finding and judgment are contrary to law, the evidence, or are excessive, as the evidence is not legally or properly before us. Twenty-five days were given to file a bill of exceptions, but the record does not show that it was filed in time. It is true that the bill of exceptions says on its face that it is filed in time, and is signed by the judge, but this can only mean that he signed it in time; the clerk only can tell or say when a bill of exceptions or other paper or pleading was filed, which he has not done in this case. At the time the suit was brought, the justice of the peace had jurisdiction of the amount due on the notes, and by the action of the defendant, final judgment was delayed in the circuit court till the interest on the notes added to the principal amounted to more than the jurisdiction of the justice

of the peace, before whom the suit was brought, and it is. here claimed that the judgment is erroneous on that account.. There was no error in this. *Gregg* v. *Wooden*, 7 Ind. 499; *Numbers* v. *Bowser*, 29 Ind. 491.

Notwithstanding the evidence in the case is not legally before us, we have carefully read and examined what purports to be the evidence, and are fully satisfied that there was no merit in the defence or in this appeal, but that both were for delay.

The judgment below was for two hundred and eighteen dollars and seventy-five cents, which is affirmed, at the costs of the appellant, with ten per cent. damages.

*Petition for a rehearing overruled.*