The Louisville, New Albany and Chicago Railway Co. *v.* Boland.

--- * ---

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY Co. *v.* BOLAND.

APPEAL TAKEN TOO LATE.—*Supreme Court.*—Under the act of March 14th, 1877, Acts 1877, Spec. Sess., p. 59, amending section 561 of the practice act, an appeal to the Supreme Court, taken July 15th, 1879, from a judgment rendered in June, 1878, was too late.

SAME.—*Agreement by Attorney.*—An agreement, in such case, by the attorneys of the successful party, in the court below, that the opposite party might take his appeal after the expiration of a year from the rendition of judgment, not made in the manner prescribed by section 772, 2 R. S. 1876, p. 305, is invalid.

From the Lawrence Circuit Court.

*T. J. Jackson*, for appellant.

*W. H. Edwards* and *G. W. Friedley*, for appellee.

WORDEN, C. J.—In this case, judgment was rendered in favor of the appellee, against the appellant, in June, 1878, and the appeal herein was not taken until July 15th, 1879. The appeal, therefore, was taken too late,—more than a year after the rendition of the judgment. The appellee has, for this cause, moved to dismiss the appeal; and the motion must be sustained. *Buntin* v. *Hooper*, 59 Ind. 589.

The appellant, in order to obviate the effect of the delay to perfect the appeal until after the expiration of the time limited therefor, has filed some affidavits tending to show that the attorney or attorneys of the appellee consented to the delay, agreeing that no advantage should be taken thereof. The attorneys for the appellee have also filed a counter affidavit, denying such agreement, but stating that they did agree that the bill of exceptions might be filed after the time allowed therefor by the court, which was accordingly done.

The affidavits are perhaps irreconcilable, except upon the theory that there was a misunderstanding as to what document was referred to, one party having reference to the bill of exceptions to be filed in the court below, and the other to the transcript to be filed in this court. We shall not undertake to reconcile the affidavits or pass upon their preponderance.

Conceding, without deciding, that the affidavits filed establish the fact that the attorneys for the appellee agreed with the appellant or its agents or attorneys, that the record might be filed in this court after the expiration of a year from the time of the rendition of the judgment, and that no advantage should be taken of the delay, still no such agreement is shown as can be recognized as valid. The attorneys of a party can only bind him by an agreement entered into in the mode prescribed by law. Thus, it is provided by statute, that "An attorney has authority," etc.,

" *First.* To bind his client in an action or special proceeding, by his agreement, filed with the clerk, or entered upon the minutes of the court, and not otherwise." 2 R. S. 1876, p. 305, sec. 772.

The affidavits do not tend to establish such an agreement as is provided for by the above statute.

The appeal is dismissed, at the costs of the appellant.

Opinion filed at May term, 1879.
Petition for a rehearing overruled at November term, 1879.
Not published in its order, through oversight.