Nos. 7399 and 7951.

## GOBEN, ADM'R, *v.* GOLDSBERRY.

**ATTORNEY AND CLIENT.**—*Verbal Agreement of Attorney not Binding on Client.*—*Time of Filing Bill of Exceptions.*—*Case Distinguished.*—Under section 772 of the code, a verbal agreement made by an attorney with the opposite counsel, that a bill of exceptions might be filed after the sixty days, and that when filed it should be dated as of some day within the sixty days allowed by the court in which to file the same, is not binding on his client. *Ridgway* v. *Morrison*, 28 Ind. 201, distinguished.

**PRACTICE.**—*New Trial.*—*Bill of Exceptions.*—*Supreme Court.*—In the absence of a bill of exceptions, the Supreme Court can not consider the

questions arising under a motion for a new trial, in which the only causes alleged therefor are the insufficiency of the evidence to sustain the verdict, and excessive damages.

From the Montgomery Circuit Court.

*D. A. Roach, C. M. Travis, P. S. Kennedy* and *W. T. Brush,* for appellant.

*G. W. Paul,* for appellee.

WOODS, J.—The appellee filed her claim against the estate of William R. Miller, of which the appellant was the administrator, and the claim, not having been allowed, was passed to the issue docket, and upon a trial had in the court below the appellee recovered judgment for $798 with costs, from which judgment the appellant appealed to this court, and the appeal is now before us as case No. 7399. After said appeal was taken, the appellee filed in the court below a complaint, wherein she sought to have stricken from the record of the former case a bill of exceptions which had been embodied in the transcript and certified to this court as a part of the record; and, upon issues of fact duly joined, the appellee obtained a decision and judgment of the circuit court that said bill of exceptions did not constitute a part of the record of said cause, and ordering the same stricken out. In obedience to a *certiorari* the record of the last named proceeding and judgment was certified and made a part of the record of said cause in this court. From the judgment of the court in said last named procedure, the appellant also appealed to this court, and the same is before us as case No. 7951; and by agreement of the parties the cases are consolidated and to be decided together. The first question, therefore, is, whether the judgment of the court, ordering that the bill of exceptions be struck out and expunged from the record, can stand.

The question arises upon a special finding of facts and exception to the conclusions of law stated thereon. We give a summary of the facts as found:

Upon the rendition of the judgment in the original case, sixty days were allowed the appellant to file a bill of exceptions, but the bill was not in fact filed within the time prescribed. His attorneys within proper time prepared and submitted the bill to the attorneys of record of the appellee, Thompson & Thompson, for inspection, but they, claiming not to have time for a proper examination of the bill, agreed verbally with the attorneys of the appellant, that the bill might be filed in the case after the expiration of the sixty days, but that, when filed, it should be marked filed as of some day within the sixty days allowed by the court; and the attorneys of the appellant, fully relying upon the said agreement, failed to have said bill of exceptions signed by the judge and filed with the clerk within the time allowed therefor; that at the date on which the bill was in fact filed, to wit, May 18th, 1878, a written contract signed by said Thompsons as attorneys for the plaintiff, and by David A. Roach as attorney for the defendant, was filed with the clerk, which contract was to the effect that the said attorneys did then therein agree that the said bill of exceptions be filed as of the date January 13th, 1878, and that the said clerk was authorized to mark the same filed as if filed on said last named date. After the expiration of the sixty days and before the bill was in fact filed, the appellee employed other counsel to manage her cause, and caused said Thompson & Thompson to be notified of her desire not to have said bill of exceptions filed, and that their further connection with the case was severed. Neither the appellant nor his attorneys had knowledge of the discharge of Thompson & Thompson as attorneys for the plaintiff, until after the case had been appealed to the Supreme Court. The court concluded that the appellee was not bound by nor estopped to dispute either the verbal agreement made within the sixty days or the written agreement afterward filed with the clerk,

and gave judgment as before stated, expunging the bill of exceptions from the record.

We think it quite clear that the conclusion and judgment of the court were according to law, and must be upheld. Thompson & Thompson were shown to have been the attorneys of record, and possessed of such powers and authority, and such only, as attorneys of record in a case possess in reference thereto. These are defined by statute, as follows: "An attorney has authority, until discharged or superseded by another: *First.* To bind his client in an action or special proceeding, by his agreement, filed with the clerk, or entered upon the minutes of the court, and not otherwise." Section 772 of the code.

By force of this statute, the verbal agreement was unauthorized and not binding. *The Louisville, etc., R. W. Co.* v. *Boland*, 70 Ind. 595.

Before the written agreement was made, the attorneys who signed it on behalf of the appellee had been discharged and superseded, and had no power to bind her. There is no ground on which the claim of estoppel against the appellee can rest, unless validity be given to the verbal agreement, and, as already seen, the statute forbids that.

Counsel for the appellant cite *Ridgway* v. *Morrison*, 28 Ind. 201, wherein it is claimed that "almost the precise question in this case was decided in accordance with the views we (the counsel) have expressed." The difference between the cases on the point in question is radical. In the case cited, the attorney made the agreement presumably in the presence of his client, and the client, with "full knowledge of the fact, made no objection thereto;" and so it was considered to be his "own act and agreement," and not that of the attorney alone, as in the case at bar. It follows that the judgment striking out the bill of exceptions must be affirmed.

In the first and principal case, the overruling of the motion

for a new trial alone is complained of, and the only causes alleged for a new trial are, that the verdict is not supported by sufficient evidence, and that the damages assessed are excessive. The bill of exceptions being out of the record, we can not consider these questions.

The judgment of the circuit court in each case is affirmed, with costs.