Filed June 25, 1885.

---

No. 12,381.

## KREITLINE ET AL. *v.* FRANZ ET AL.

PARTITION.—*Final Judgment.*—*Appeal.*—*Dismissal.*—Where, in an action for the partition of real estate, the title is directly put in issue by the pleadings, a judgment, adjudicating the question of title, settling the rights of the parties, and ordering the land sold, is a final judgment from which an appeal will lie, and an appeal, not taken within a year from such judgment but within a year from the confirmation of the sale, will be dismissed for want of jurisdiction.

SAME.—*New Trial as of Right.*—In such case, a new trial may be demanded as a matter of right.

From the Dearborn Circuit Court.

*J. D. Haynes* and *J. K. Thompson*, for appellants.

*W. S. Holman* and *W. S. Holman, Jr.*, for appellees.

ELLIOTT, J.—The complaint was for partition of land, but the question of title was directly and fully put in issue by cross complaint and answers. Upon the issue formed by the pleadings the jury returned a general verdict and answers to interrogatories, from which it appears that the question of title was passed on by them. The verdict was followed by a judgment adjudicating the question of title and settling the rights claimed by the respective parties. The judgment was

in form and in effect a final one, determining all the questions presented by the pleadings, and decreeing that the property, not being susceptible of partition, should be sold.  This judgment was entered on the 8th day of October, 1881; on that day a motion for a new trial was filed, a prayer for appeal entered, and leave taken to file a bill of exceptions.  The decree directed the appointment of a commissioner to sell the land, and, on the 4th day of June, 1884, the report of the commissioner was approved.  The transcript was filed in this court on the 29th day of May, 1885.  The appellee contends that the judgment rendered in September, 1881, was the final one, and that as the appeal was not taken until May, 1885, this court has no jurisdiction to entertain the appeal.

The contention of the appellees must prevail.  The case is ruled by the principle decided in *Fleenor* v. *Driskill,* 97 Ind. 27, for it is there held that such a judgment as the one before us is a final judgment.  This ruling must be adhered to in such a case as this, where the title to real estate is directly put in issue and expressly adjudicated, or else confusion will be produced.  It is the law that in an action of partition, where, as here, the title to real estate is directly put in issue by the pleadings and expressly adjudicated, a new trial may be demanded as a matter of right.  *Hammann* v. *Mink,* 99 Ind. 279; *Cooter* v. *Baston,* 89 Ind. 185; *McFerran* v. *McFerran,* 69 Ind. 29, see p. 33; *Gullett* v. *Miller, ante,* p. 75.

As a new trial may be demanded as of right, under the statute, the year within which it may be demanded must be that which begins with the entry of the judgment settling the title, for it can not be reasonably held that the intention was to permit a new trial to be taken one year after the confirmation of the sale, in cases where, as in this, the order of confirmation was not made for more than three years after the entry of the judgment adjudicating the questions of title.

The appeal must be dismissed, for we have no jurisdiction to entertain it.

Filed May 18, 1886.