Filed Feb. 19, 1892.

————————————◆————————————

No. 15,410.

ROACH v. BAKER.

PARTITION.—*Decree not Final.*—An order decreeing partition is not a final decree in the full and true sense of the term, for it remains open for the purpose of controlling the mode and basis of the partition.

SAME.—*Decree.—Effect of.—Commissioners' Report.—Subsequent Sale.*—An order directing partition and appointing commissioners does not conclusively adjudicate the question as to the divisibility of the land; and if the commissioner report that the land is not susceptible of division, the court may approve the report and order a sale of the property.

From the Elkhart Circuit Court.

*J. D. Osborne* and *A. S. Zook,* for appellant.

*J. H. Baker* and *F. E. Baker,* for appellee.

ELLIOTT, C. J.—The appellee petitioned the court to decree partition of land in which he claimed an undivided interest. In the interlocutory order directing partition it is adjudged that " the plaintiff owns the undivided two-thirds part in value, and the defendant owns the undivided one-third part in value of the land." The order concludes thus: ": It is farther considered, adjudged and decreed that partition be made by setting off to the plaintiff the two-thirds of said real estate, and to the defendant the one-third thereof; that Robert Irwin and Thomas Miller be and they are hereby appointed commissioners to make partition of said real estate in accordance with this decree, and that they make report of their proceedings at the next term." The commis-

Roach v. Baker.

sioners filed a report, wherein it was stated that " We find that said premises can not be divided without damage to the owners." To this report the appellant unsuccessfully excepted. Over her objection the court accepted the report, and ordered the land sold.

The appellant's counsel proceed upon the theory that the same effect must be assigned to the order directing partition as to a final judgment or decree. This is, as we think, assigning a stronger and greater effect to the interlocutory order than the authorities warrant. It is true that as to the right to partition the order is final. *Dillman* v. *Cox*, 23 Ind. 440 (445); *Fleenor* v. *Driskill*, 97 Ind. 27; *Benefiel* v. *Aughe*, 93 Ind. 401; *Kreitline* v. *Franz*, 106 Ind. 359. But it is not true that it is final in such a sense as to end the entire proceeding, for that remains open for other steps. It remains open, under the provisions of our statute, for the purpose of controlling the mode and basis of the partition. This is necessarily so, for the specific parcels of land assigned to the parties respectively can not be known until the coming in of the report of the commissioners. It is evident, therefore, that the order decreeing partition is not a final decree in the full and true sense of the term. It only remains to inquire and decide whether the order directing the partition and appointing commissioners conclusively adjudicates that question as to the divisibility of the land, and precludes the court from acting upon the report of the commissioners that it is not divisible. We are clear that the order does not conclude the parties upon the question of the divisibility of the land. Our judgment is that it is the duty of the commissioners to report, in the proper case, that the land is not susceptible of division, and that the court may approve the report and order a sale of all the property. Section 1195, R. S. 1881; *Shull* v. *Kennon*, 12 Ind. 34; *Lake* v. *Jarrett*, 12 Ind. 395; *Lucas* v. *Peters*, 45 Ind. 313 (318). We decide the question presented by the exception, and give

no opinion upon the question whether there are, or are not, defects in the report of the commissioners.

