B. F. BOWLSBY ET AL., Appellees, v. MINNIE GREGORY ET AL., Appellants, Consolidated with MINNIE GREGORY ET AL., Appellants, v. B. F. BOWLSBY ET AL., Appellees.

**Partition:** REPORT OF REFEREES. The report of referees in partition need not be unanimous, it is sufficient if concurred in by a majority.

**Same:** RIGHT TO PARTITION. The owners of a portion of undivided interests in land may have their several interests considered as one moiety and may be united in an application for partition of the property on that basis, which should be ordered, in the absence of a showing requiring a sale of the property.

*Appeal    from    Madison    District    Court.*— HON.    EDMUND NICHOLS, Judge.

SATURDAY, FEBRUARY 15, 1908.

THESE actions for partition were consolidated and tried together in the district court, resulting in decrees from which defendants in the one and plaintiffs in the other appeal.— *Affirmed*.

*Robbins & Wilkie*, for appellants.

*John A. Guiher* and *Wilkinson, Smith & Wilkinson*, for appellees.

DEEMER, J.— The original decree for partition which is not complained of so far as material reads as follows:

And afterwards, on the same day, the said cause coming on for decree, it is stipulated and agreed by the parties hereto that M. J. Bowlsby is the owner of an undivided one-third of the real estate described in the petitions herein, to-wit: The E. ½ of the N. E. ¼ and the E. ½ of the S. E. ¼ of section 17, and the W. ½ of the S. W. ¼ and the N. E. ¼ of the S. W. ¼ of section 16, all in township 75 of range 27 W. of the fifth P. M., Iowa, and that B. F. Bowlsby is the owner of an undivided four-fifteenths of the same real estate in fee simple, and is also the owner of a life interest in an additional undivided one-fifteenth of said real estate, and that Blanche Bowlsby is the owner in fee simple of an undivided one-fifteenth of said real estate, subject to the life estate of B. F. Bowlsby in said one-fifteenth interest; and that Minnie Gregory, May Davison, C. C. Bowlsby, Bertha Weyrauch, and Frank Bowlsby are each entitled to an undivided one-fifteenth of said real estate, and that partition of said premises should be made among the several parties above mentioned, if an equitable division of said lands can be made, and, if not, that the said premises should be sold, and division of the proceeds had among the parties above named, according to their interests as hereinbefore agreed upon and found by the court, and, whereas, it has been made to appear that B. F. Bowlsby is the owner of the S. E. ¼ of the S. W. ¼ of section 16, in township 75 N. of range 27 W. of the fifth P. M., Iowa, and that it is the desire of B. F. Bowlsby and Blanche Bowlsby and M. J. Bowlsby that their interests in said land be set off adjacent to each other, and adjacent to the lands last hereinbefore described, it is therefore ordered by the court that the said referees be, and they are hereby, directed to take into consideration in making said partition the fact of the ownership of said additional lands not involved herein, and, if the shares of B. F. Bowlsby, M. J. Bowlsby, and Blanche Bowlsby can be set off so as to join said additional lands without injury to the whole estate and without injury to the owners of the remaining interests in said land, that it will be their duty to so set off the same, and the said referees are hereby further directed to appraise the lands involved herein in separate 40-acre tracts, and to

report said appraisement, together with the report of partition, to this court as provided by law.

Referees were appointed, and two of them joined in a report recommending a certain plan for partition, and the third filed a minority report recommending another, and concluding with this: "And I further report that in my judgment that the whole of the lands involved in this action should be sold in four parcels, as follows: Lot 7 one parcel; lots 6 and 8 one parcel; lots 12 and 3 one parcel; and 4 and 5 one parcel; and the proceeds thereof divided in accordance with the interests of the respective parties. All of which is respectfully submitted." Upon the coming in of these reports, Minnie Gregory et al. filed the following motion: (1) To set aside both reports and order a sale of the premises; and (2) to set aside the majority report, and confirm the minority one. This motion was overruled, and the motion of B. F. Bowlsby et al. to confirm the majority report was sustained, and a final decree entered accordingly. Minnie Gregory et al. appeal.

The contention made for them is that the court erred in not sustaining their motion. It is argued that the majority report should not have been approved, for the reason that

1. Partition: report of referees.

it should have been concurred in by all the referees. There is no provision of law that the report shall be unanimous, and we know of no reason for holding that, in the absence of statute, it should be. The very object of having three referees is to have a report upon which the court may act. If unanimity were required, it might be next to impossible in some cases to have partition at all. It is the general rule that a majority of executors, trustees, or referees may act in any given matter, and there is no reason in public policy or otherwise why all should concur either in their acts or recommendations. This seems to be the rule everywhere. *Kane v. Parker*, 4 Wis. 123; 17 Am. & Eng. Ency. of Law (1st Ed.) 775.

Next it is contended that the court should not have made partition at all, but should have directed a sale of the property. This was contrary to the report of a majority of the referees, and no reason appears from either report or in the testimony why this should have been done. Indeed, upon the face of the report construed in the light of the original decree, which is not appealed from, it appears that sale should not have been made of that part of the land allotted to Bowlsby et al., appellees. They were entitled to have their parts considered as one moiety, and to unite in an application for partition thereof. *Ladd v. Perley,* 18 N. H. 395; *Shull v. Kennon,* 12 Ind. 34; *Forrest Co. v. Cedar Falls,* 103 Iowa, 619; *Page v. Webster,* 8 Mich. 265 (77 Am. Dec. 446). No reason appears for ordering a sale of the entire premises covered by the original decree; but it is argued that Minnie Gregory et al. were entitled to and should have had an order for the sale of their part of the lands. This is doubtless true; and this order might have been granted by the trial court had it been asked. As no such request was made in the motion, and as appellees at no time have resisted such relief, we do not feel like reversing the case on this account. The minority report recommended a sale of the entire premises in different tracts, and appellants asked, in the event that both reports were not set aside and a sale of the entire premises ordered, that the minority report be confirmed, etc. So far as the sale was concerned, this recommended a sale of the entire premises, and to this relief Minnie Gregory et al. were not entitled. At least, they have not shown such a situation as would justify us in setting aside the majority report and the final decree of the trial court. No error appears of which appellants may justly complain.

We may say, however, that this conclusion is without prejudice to the right of Minnie Gregory et al., appellants, to have partition among themselves or to have an order for the sale of the property allotted to them.— *Affirmed.*

2. SAME: right to partition.