## STAUFFER ET AL. *v.* KESLER.

[No. 23,408.    Filed June 23, 1920.]

APPEAL.—*Order of Sale in Partition.—Jurisdiction.—Statutes.*— An order of sale in partition, where the real estate involved could not be divided, under §1246 Burns 1914, §1189 R. S. 1881, was not an interlocutory order within the meaning of §1392 Burns 1914, Acts 1907 p. 237, providing that appeals from interlocutory orders for the sale of real estate shall be taken to the Supreme Court in all appealable cases, and was not appealable to the Supreme Court under that section, but was a final judgment within §671 Burns 1914, §632 R. S. 1881, the appeal · from which was within the jurisdiction of the Appellate Court. (*Overturf* v. *Martin* [1908], 170 Ind. 308, overruled in part.)

From Elkhart Circuit Court; *James S. Drake,* Judge.

Action between Owen L. Stauffer and others and Martin V. Kesler. From a judgment rendered, the former appeal. *Transferred to the Appellate Court.*

*Guy W. Dausman,* for appellants.

*L. L. Burris,* for appellee.

TOWNSEND, J.—This is an appeal from an order of sale in partition, where the court found that the real estate could not be divided. §1246 Burns 1914, §1189 R. S. 1881.

After the appeal was perfected, appellants moved to transfer the cause to the Appellate Court. This motion was overruled on the authority of *Overturf* v. *Martin* (1908), 170 Ind. 308, 84 N. E. 531, where it was said on page 310, that §1, cl. 16, Acts 1907 p. 237, §1392, cl. 16, Burns 1914, placed the jurisdiction in this court.

We are now convinced that the above case is in error on this point. The court inadvertently concluded that §1392 Burns 1914, *supra,* conferred the right of appeal. It will be observed that the language of that section is as follows: "Hereafter all appeals in *appealable* cases

in the following classes shall be taken directly to the supreme court, viz.:  *  *  *

"Sixteenth. Interlocutory orders for the delivery of the possession of real property or the sale thereof." (Our italics.)

The section which the court should have construed in *Overturf* v. *Martin, supra,* was not §1392 Burns 1914, *supra,* but §1246 Burns 1914, *supra.* Section 1392, *supra,* confers no right of appeal in the instant case. The right must be discovered outside of this section.

This court has uniformly held that an appeal in partition lies from the order confirming the report of commissioners; and also from the order of sale, where the real estate is found to be indivisible. Both of these are final within the meaning of §671 Burns 1914, §632 R. S. 1881. *Fleenor* v. *Driskill* (1884), 97 Ind. 27; *Kern, Exr.,* v. *Maginniss* (1872), 41 Ind. 398; *Kreitline* v. *Franz* (1886), 106 Ind. 359, 6 N. E. 912; *Roach* v. *Baker* (1892), 130 Ind. 362, 30 N. E. 310; *Mayer* v. *Haggerty* (1894), 138 Ind. 628, 38 N. E. 42.

An examination of the above authorities will disclose that there is no interlocutory order in a partition proceeding from which an appeal will lie. It is only from orders which are final within the meaning of §671 Burns 1914, *supra,* from which an appeal may be taken. It therefore follows that *Overturf* v. *Martin, supra,* at page 310, is in error on this point and is overruled.

Jurisdiction being in the Appellate Court, the cause is hereby transferred.

REPORTER'S NOTE: The above opinion should have been reported in volume 190 of the Supreme Court Reports but for reasons unknown, it failed to reach the hands of the Reporter.— REPORTER.