### Heppe et al *v.* Heppe et al.

[No. 24,926.   Filed December 9, 1925.]

APPEAL.—*Judgment ordering sale of real estate in partition as indivisible is final, and jurisdiction of appeal is in Appellate Court.*—A judgment ordering the sale of real estate sought to be partitioned as indivisible is a final judgment and not an interlocutory order for the sale of real estate, and the Appellate Court has jurisdiction of an appeal therefrom.   p. 566.

From Cass Circuit Court; *Albert Ward*, Special Judge.

Action of partition between Andrew F. Heppe and others and Ida M. Heppe and others. From a judgment ordering sale of the real estate as indivisible, Andrew F. Heppe and another appeal. *Motion to dismiss overruled and transferred to Appellate Court for want of jurisdiction.*

*W. T. Wilson* and *T. W. Annabel,* for appellants.
*Rabb, Mahoney, Fansler & Douglass,* for appellees.

PER CURIAM.—In an action for the partition of a tract of real estate, the court adjudged that appellant Andrew F. Heppe owned an undivided one-ninth of such real estate, that each appellee owned an undivided four-ninths thereof, that the owners were entitled to partition, that upon notice and for not less than a price fixed, the whole of the property should be sold, as not being divisible without damage to the owners; and appointed a commissioner to make the sale. A term appeal was perfected under the rules that apply where such appeals are taken from final judgments, which appellees seek to have dismissed on the ground that the judgment appealed from was interlocutory and not final, and that the transcript was not filed in this court within thirty days (§713 Burns 1926, §1392b Burns' Supp. 1921, §2, ch. 251, Acts 1921 p. 741). But this court has said of judgments confirming the report of commissioners to make partition, or ordering the sale of real estate sought to be partitioned, where it is found to be indivisible, that "both of these are final within the meaning of §671 Burns 1914, §632 R. S. 1881," and that the Appellate Court has jurisdiction of such appeals. *Stauffer* v. *Kesler* (1920), 191 Ind. 702, 703, 127 N. E. 803.

The motion to dismiss this appeal is overruled, and the cause is transferred to the Appellate Court.