### RIDDLE *v.* McNAUGHTON.

[No. 13,160.   Filed December 6, 1928.]

*Vesey, Shoaff & Hoffman,* for appellant.
*Alphonso C. Wood,* for appellee.

McMAHAN, J.—On February 26, 1927, appellee obtained a judgment against appellant in the Steuben Circuit Court.   Five days thereafter and at the same term of court, appellant filed his complaint for relief from that judgment.   This complaint was thereafter amended and a demurrer thereto having been sustained, a judgment

was entered denying appellant any relief, hence this appeal.

The complaint, as amended, alleges that on November 18, 1926, appellee filed his complaint in the Steuben Circuit Court to quiet title to certain real estate, appellant being the sole defendant; that appellant employed Dan M. Link, then a law partner of one Clarence McClintock, to represent him in said action; that on January 17, 1927, appellant and appellee, for the purpose of compromising their differences, agreed that appellant should, on or before February 1, 1927, make payments to appellee aggregating $5,899.10, and upon such payments being made, appellee and his wife should convey the real estate in question to appellant by warranty deed, and the suit to quiet title would be dismissed, but if appellant failed to make such payments within the time so agreed upon, appellant would forfeit his right in the real estate and a certain contract for its purchase, and that appellee should, on the first day of the February term of court, be permitted to take a judgment quieting his title.   This agreement was in writing and signed by both parties.

It is further alleged that appellant was, on February 1, 1927, ready, able and willing to perform the conditions of the contract, but that appellee on said day informed appellant that it would be impossible for him to comply with the terms of the contract, for reasons not necessary to set out, and that it was then agreed between appellant and appellee that the action to quiet title should be continued, and that no action should be taken before February 15, 1927, on which day, appellant was ready, able and willing to perform, and, on the last day named, went to Angola for that purpose, and was then informed by appellee's attorney that appellee had not yet perfected his title and that it was then agreed that no further steps should be taken in the suit to quiet title until March 1,

1927; that appellant, on March 1, 1927, was ready, able and willing to perform his part of the contract and came to Angola for that purpose and then learned that appellee or his attorney had, on February 26, caused a judgment to be taken and rendered against appellant quieting appellee's title to the land in question. A meritorious defense is also alleged. Other facts are alleged relative to the dissolution of the partnership between Link and McClintock, the removal of Link from the state, and certain conduct of appellee's attorney, not necessary to a decision in the instant case.

This action is brought under §423 Burns 1926, Acts 1921 p. 277, which provides that: "The court shall relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect, or complaint filed and notice issued, as in an original action, within two years from and after the date of the judgment."

It is the policy of the law that controversies between litigants shall be determined on the merits, if that can be done in fairness to all concerned. With that idea in view the provision of the statute set out, should be liberally construed, and where there is doubt as to the sufficiency of the facts alleged to show such mistake, inadvertence, surprise or excusable neglect as will entitle a party to relief, the trial court should resolve the doubt in favor of the applicant. *Ayrshire Coal Co.* v. *Thurman* (1920), 73 Ind. App. 578, 127 N. E. 810; *Indiana Travelers', etc., Assn.* v. *Doherty* (1919), 70 Ind. App. 214, 123 N. E. 242.

The judgment from which relief is sought was taken in violation of an agreement and should, under the allegation of the complaint, have been set aside, and appellant given an opportunity to defend. *Hoag, Admr.,* v. *Old People's Mut. Benefit Soc.* (1891), 1 Ind. App. 28, 27 N. E. 438.

Judgment reversed, with directions to overrule the demurrer to the amended complaint.