NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, CONNECTICUT v. BURTON ET AL.

[No. 13,472. Filed October 3, 1929. Rehearing denied February 7, 1930. Transfer denied March 19, 1930.]

*William J. Whinery,* for appellant.
*D. J. Moran* and *J. M. Seglin,* for appellees.

NICHOLS, J.—Action by appellant to set aside a judgment taken by appellees on April 29, 1927, against appellant by default for $725. The grounds for relief, upon which appellant's complaint to set aside said judgment are based, were that it was taken against appellant through its mistake, inadvertence, surprise and excusable neglect (§423 Burns 1926). A trial resulted in a finding and judgment against appellant, and a refusal to set aside said default and judgment, from which judgment, this appeal. The error presented is the court's action in overruling appellant's motion for a new trial, under which, appellant contends that the court's finding is not sustained by sufficient evidence, and that it is contrary to law.

It appears by the evidence that: On March 28, 1927, appellees filed their amended complaint against appellant on an insurance policy covering certain property which had been destroyed by fire on January 24, 1925; along with such amended complaint, appellees filed interrogatories, which they asked the court to have appellant answer; that the court ordered appellant to answer said interrogatories by April 4, 1927; that, on April 2, 1927, appellant's attorney dictated a letter to appellant, inclosing the interrogatories to be answered, but such letter did not reach appellant at its home office in Chicago until April 6, 1927, appellant's attorney saying that the letter was dictated to a dictograph and, in the rush of business in his office, it might have been held up several days; that the interrogatories with answers were returned to appellant's attorney on April 11, 1927,

but were, after being returned to appellant for corrections and sent back, held in the attorney's office and have never been filed or tendered for filing; that, on April 21, 1927, appellees left a written notice at the office of appellant's attorney, which notified appellant to the effect that if answers to the interrogatories ordered by the court to be answered on or before April 4, 1927, were not filed before Monday, April 25, 1927, appellees would move the court that appellant be defaulted, such notice being signed by J. M. Seglin, as attorney for appellees; that, on April 25, 1927, appellant failing to appear, by order of court, citation was issued against appellant, to show cause, if any it had, on or before April 29, 1927, why it should not be dealt with for a contempt of court in failing to comply with its orders; that such citation was served on April 28, 1927, on appellant's agent, Earl C. Pulver, residing at Lowell, in Lake County, as was the original summons in said cause, and said agent notified the home office of appellant on said day, and appellant immediately notified its attorney, who advised appellant that he would look after the matter; that, on April 29, 1927, such attorney went to the court room, but returned to his office without entering his appearance to said citation, and, appellant failing to appear in response to said citation, it was defaulted as to such citation, was held in contempt of court, its appearance was struck out, and, after hearing the evidence, there was a finding for appellees, on which the judgment which appellant seeks to have set aside was rendered; that, on July 19, 1927, appellees' attorney called at the office of appellant in Chicago, and notified it of the judgment, and that execution would be issued if it were not paid, this being, as appellant claims, the first information it had that a judgment had been rendered.

Appellant's attorney in such original suit says that he was sick during a large part of April and out of his office,

and that he did not learn of the notice that the matter of the interrogatories would be taken up on April 25, 1927; that sometime in April, 1927, appellees' attorney, Mr. Seglin, agreed that there would be no further action taken without notifying him; and that, on April 28, 1927, Mr. Seglin and appellant's attorney were together at the Lincoln Club rooms in Hammond, and Mr. Seglin agreed that no action would be taken in regard to the interrogatories until the attorney could have time to confer with appellant in Chicago. But Mr. Seglin denies that there were any such agreements at any time. Notwithstanding the alleged agreements, as stated above, appellant's attorney says that he went to the court room on the morning of April 29, 1927, before the court opened, and not seeing Mr. Seglin there, and without making any investigation of the records and files, he returned to his office and did not go to the court room again that day. The evidence as to the agreement is contradictory, and the court having found against the appellant on this question, we accept the court's finding without weighing the evidence. We fully recognize the rule as announced in *Riddle* v. *McNaughton* (1928), 88 Ind. App. 352, 163 N. E. 846, that a judgment taken in violation of an agreement, where a meritorious defense is shown, should be set aside; but the court having found against appellant on contradictory evidence, for the purposes of this decision, there was no agreement.

Had there been such an agreement as appellant claims, it was made out of the presence and hearing of the court, and without its knowledge and consent, and was an agreement to hold in abeyance an order of the court which it had made. Orders of the court are not made alone for the convenience of the litigants, to be set aside by them at their own behest and to satisfy their own caprice, without regard to the interruption of

the court which their action may occasion, but are made as well for the expedition of the proceedings of the court, and are not to be modified or annulled except by the knowledge and consent of the court.

Appellant's version of the alleged agreement made on April 28, 1927, was that no action was to be taken until its attorney could have time to confer with it in Chicago, and yet, appellant and its attorney gave the case no further attention so far as the record shows until July 19, 1927, almost three months thereafter, when it was notified that judgment had been taken. It is due appellant's attorney in this appeal to say that he was not such attorney in the original action, and that he has ably presented his theory of the case; but such questions are largely in the discretion of the trial court, and we are constrained to hold that the record does not show that the court abused its discretion.

Affirmed.

McMahan, C. J., not participating.