HAROLD T. HAWKINS, LOIS HAWKINS, LLOYD F. HAWKINS, MARJORIE HAWKINS, HELEN WILSON, ALLEN WILSON, ROBERT E. HAWKINS, WANDA HAWKINS *v.* CHARLES N. HAWKINS, KATHELEEN REESE, ROBERT T. REESE, LARRY L. HAWKINS, PATRICIA HAWKINS, JOSEPH HENDERSON.

[No. 2-673A146. Filed April 11, 1974. Rehearing denied May 6, 1974. Transfer denied July 12, 1974.]

*Robert L. Austin, Busby, Austin, Cooper & Farr*, of Anderson, for appellants.

*Wilson Wheatley,* of Tipton, *Daniel J. Harrigan, Bayliff, Harrigan, Cord & Maugans,* of Kokomo, for appellee Charles H. Hawkins, *Horace C. Holmes,* of Tipton, for appellee Larry L. Hawkins, *Stanley M. Herbert,* of Tipton, for appellees Katheleen and Robert T. Reese.

SULLIVAN, P.J.—This appeal is brought from a partition proceeding in the Tipton Circuit Court wherein the court

ordered the sale of a 140 acre parcel of land owned by the parties as co-tenants. Appellants allege error in that the sale order was inconsistent with an extra-judicial oral stipulation allegedly entered into between two of the four attorneys of record.

Consistent with IC 1971, 32-4-5-4 (Burns Code Ed.) the order appealed is denominated an "interlocutory" decree. It is final and appealable, however, in that it orders a sale of the real estate. *Heppe* v. *Heppe* (1927), 199 Ind. 566, 149 N.E. 890; *Stauffer* v. *Kesler* (1920), 191 Ind. 702, 127 N.E. 803. *Compare Berkebile* v. *Barnett* (1974), 159 Ind. App. 491, 307 N.E.2d 490 (simple order of partition held not an appealable final judgment).

The principal parties herein, Charles, Harold, Lloyd, Larry and Robert Hawkins, and Katheleen Reese and Helen Wilson, are all brothers and sisters who were remaindermen.[1] A life estate in the property was held by their widowed mother, Edna Hawkins. When Mrs. Hawkins died in February of 1972, the seven brothers and sisters became fee simple owners as tenants-in-common of the 140 acre parcel.

Two separate tracts totalling 60 acres adjoined the 140 acres and were owned by Mrs. Hawkins in fee simple prior to her death. At the time of the trial, the 60 acres was still subject to the administration of the estate.

The co-tenants executed an agency agreement in order to farm the property in question pending final disposition. Joseph Henderson, the tenant farmer, was joined to answer with respect to his interests in crops and expenses of operation of the farm. The other parties are the seven siblings' spouses who were named in recognition of their inchoate interests.

The record reveals that Harold, Lloyd, Helen and Robert approached Charles after their mother's death seeking his joinder in a proposed partition action. Charles refused at that

1. As the parties throughout these proceedings have utilized the term "remaindermen", we will not risk further obfuscation of the law by instituting a perhaps less chauvinistic term, "remainderpersons."

time but six weeks later filed the instant action alleging that the 140 acres could not be equitably divided without damage to the owners' interests.

All defendants except Larry Hawkins and his wife, Patricia, filed answers to the complaint soon after the plaintiff's complaint was filed on June 6, 1972. Larry did not answer but rather filed a petition for extension of time under the Soldiers & Sailors Relief Act. After a hearing this petition was denied, counsel was appointed for Larry and an answer was filed.

Pre-trial conference was held on November 11, 1972. Counsel for plaintiff Charles Hawkins submitted a list of witnesses to be called at trial. No witnesses were listed by any of the defendants.

All pleadings were merged in the pre-trial order which disclosed that of the defendants only Larry opposed the plaintiff's request that the real estate be sold. Larry, and only Larry, asserted that the property was susceptible of physical partition.

The matter came before the trial court on January 29, 1973. The evidence was uncontroverted to the effect that the property could not be divided into 7 parcels of equal value. None of the defendants presented evidence and the counsel representing the four appellants did not take part in the cross-examination of any of the plaintiff's witnesses.

The day after the trial a letter was purportedly sent by appellants' counsel to counsel for Charles and counsel for Larry as follows:

'Gentlemen: Re: *Edna Hawkins Estate*
Assuming the Court acts favorably in the above matter, it seems to me that he should determine, by way of Decree: (1) That he has jurisdiction of all the parties, and that all parties have been properly served and are before the Court; (2) that the Court exercises the discretion given him by the Soldiers' and Sailors' Civil Relief Act of 1940 by denying Larry's request for further delay; (3) that the real estate is not susceptible of physical division, and (4) that the real

estate be sold by a method to be determined by the Court after further hearing.

I think such an order and Decree would be final and appealable, so that Larry could, if he so chose, proceed with an appeal. In the meanwhile, I have suggested to my clients that Bud, as attorney for the estate, intended to advise the Inheritance Tax Division of the favorable determination of the Federal Estate Tax Division so that a similar approval could be given of the inheritance tax order; that we would agree to the entry of an order that personal property be distributed by private bidding among the heirs and that such bids be paid by charges against the distributive share of each bidder; that the estate be closed, and that the real estate be distributed to the seven persons involved.

If this proposal is satisfactory, I would appreciate an indication of your concurrence."

Three days after the letter was apparently sent, the trial court entered a judgment for plaintiff Charles Hawkins. The findings stated in pertinent part:

"The Court further finds, that the following named persons are now the owners in fee simple of the real estate described in the complaint in the following proportions, to-wit:

| Charles N. Hawkins | 1/7 |
| Katheleen Reese | 1/7 |
| Harold T. Hawkins | 1/7 |
| Lloyd F. Hawkins | 1/7 |
| Helen Wilson | 1/7 |
| Larry L. Hawkins | 1/7 |
| Robert E. Hawkins | 1/7 |

"The Court further finds that Joseph Henderson is the tenant in possession of the real estate for the 1973 crop year, having a Fifty percent (50%) interest in the crop and a lien upon the One-half (½) interest of the owners for One-half (½) expense of seeding and harvesting the crop. The court further finds that the defendant, Larry L. Hawkins, is a Commander in the United States Navy having been commissioned from U. S. Naval Academy in 1950 and is now stationed in Frankfurt-am-Main, Germany, and that the court in the exercise of its discretion given it under the provisions of the Soldiers and Sailors Civil Relief Act of 1940 as amended should deny a stay of this proceeding to said defendant finding that said defendant was attempting to use defense of military service solely for purpose of delay and not showing that his military

service had impaired his abiilty to defend this in rem action.

The court further finds that said real estate is not susceptible of partition, and that the interest of the several parties can not be set off to that in severalty, without damage to the owners, and real estate should be sold and proceeds delivered as interest of parties may appear and that a *commissioner* be appointed to sell the real estate.

The court further finds that Wilson Wheatley, as counsel for the plaintiff is entitled to Five Hundred and no hundredths Dollars ($500.00) for services and expenses in this action and same should be charged as cost.

The court further finds that the defendants other than Joseph Henderson and the defendants whose interests are set out above are the spouses of the defendants who own the real estate.

The court further finds that Two (2) disinterested appraisers should be appointed to appraise the real estate."

In accordance with the findings, the judgment was entered in which the real estate was ordered sold at private sale by a court appointed commissioner following appraisal by two court appointed appraisers and publication of notice of such sale.

Appellants' Motion to Correct Errors was accompanied by an affidavit given by appellants' counsel, stating:

"He is the attorney in this cause for Harold T. Hawkins, Lloyd F. Hawkins, Helen Wilson, Robert E. Hawkins, and their respective spouses. On several occasions prior to the trial of this cause, affiant talked with Wilson Wheatley, attorney for the plaintiff, Charles N. Hawkins, and certain agreements were reached. A summary of that agreement was mailed to Mr. Wheatley on January 30, 1973, a copy of which summary in the form of a letter being attached hereto. Following receipt of said letter by Mr. Wheatley, it was agreed via telephone between affiant and Mr. Wheatley that the trial of this cause would be conducted as outlined in said letter. In accordance with the understanding between affiant and said attorney, these defendants did not appear and present their defenses to plaintiff's petition for partition and accepted the evidence introduced by plaintiff's witnesses without cross-examination.

Affiant further says that the first knowledge he had of the content of the entry dated February 2, 1973 was upon

its receipt from the said Wilson Wheatley, after it had been entered by the court. The proposed decree was not submitted to affiant for review and approval as is customary in such cases and in accordance with the normal courtesies of practice, and it is not known by affiant what representations, if any, were made by plaintiff's attorney at the time said decree was submitted to the court for signature. At no time did affiant and Wilson Wheatley agree to any modification of the original terms as set out in affiant's letter of January 30, 1973, and at no time did affiant have any authority from the said four defendants to modify said understanding."

The Motion to Correct Errors asserts that the trial court's failure to incorporate the alleged extra-judicial agreement into the decree was a procedural irregularity and was an accident or surprise against which ordinary prudence could not have guarded. They therefore argue that the judgment is inequitable, and should be modified to reflect the stipulation.

It has been long held that an oral agreement between counsel which is not entered of record is not binding upon the clients or the court. *The American White Bronze Co.* v. *Clark* (1890), 123 Ind. 230, 23 N.E. 855; *Goben v. Goldsberry* (1880), 72 Ind. 44; *Louisville, New Albany & Chicago RR Co.* v. *Boland* (1879), 70 Ind. 595; *Barnes* v. *Smith* (1870), 34 Ind. 516; *National Fire Insurance Co.* v. *Burton* (1929), 91 Ind. App. 196, 168 N.E. 37.

In seeking to avoid the effect of this precedent, appellants rely upon the annotation at 7 ALR 3d 1409 which advances the view that where equity and justice require, informal stipulations which do not contravene substantive or procedural form requirements will be given effect. Appellants thus would distinguish the cases hereinbefore cited on the ground that in the case before us no substantive or procedural rights are affected.

If we accept their distinction as valid, appellants have advocated themselves out of court for if the purported stipulation affects no substantive or procedural rights, there could be no harm or prejudice in the failure of the trial court to

recognize it. Conversely, if such stipulation would affect substantive or procedural rights, appellants by acknowledging the rule of the cases sought to be distinguished, concede that the stipulation can have no binding effect. In any event, the stipulation cannot be given effect here without directly contravening the clear and unmistakeable "substantive or procedural form requirement" of IC 1971, 34-1-60-5 (Burns Code Ed.) which provides:

> "An attorney has authority, until discharged or superseded by another,
> First. To bind his client in an action or special proceeding, by his agreement, filed with the clerk entered upon the minutes of the court, and not otherwise." *Goben* v. *Goldsberry, supra; Louisville, New Albany & Chicago R. R. Co.* v. *Boland, supra; Barnes* v. *Smith, supra.*

Furthermore, appellants are wholly unpersuasive in their attempt to cloak their position on appeal in the raiment of equity and justice. They argue that because the existence of the informal stipulation is undisputed and because they relied upon it, equity dictates that the decree be modified to give effect thereto.

Appellants claim that existence of the stipulation must be considered undisputed because the affidavit accompanying the Motion to Correct Errors was not controverted. We would observe, however, that since the Motion was overruled on the very day of its filing, appellees had no opportunity or reason to submit counter-affidavits.

More importantly, the letter of January 30, 1973 (the day following trial) belies the existence of any agreement prior to that date. The letter which appellants contend is a summary of an agreement previously reached by counsel begins: "Assuming the Court acts favorably in the above matter, it seems to me . . ." and closes: "If this proposal is satisfactory, I would appreciate an indication of your concurrence." Clearly the contingent tenor of the letter discloses that it was a solicitation for an agreement to be made rather than a reference to one already made.

Insofar as the record discloses, therefore, no stipulation or agreement could have been made until appellee's counsel received the January 30 communication and made some response thereto. The actions of appellants prior to that time, i.e., the failure to submit evidence of their own or to cross-examine plaintiff's witnesses at trial could not then reasonably be held to have been induced by reliance upon the alleged stipulation. No such stipulation existed at that time.

It may be added that even if a stipulation had been reached prior to trial as between appellants' attorney and counsel for plaintiff-appellee, it is not alleged or demonstrated that the other primary parties, Katheleen and Larry, were in concurrence. It is clear that stipulations cannot be binding upon persons not party thereto. *See Midland Ry. Co.* v. *Island Coal Co.* (1890), 126 Ind. 384, 26 N.E. 68.

It was therefore entirely appropriate for the trial court to order the judicial sale of the real estate in light of Katheleen's legal position as disclosed by the pre-trial order and notwithstanding any stipulation to the contrary to which she was not a party.

But stipulation or no, the partition statute, IC 1971, 32-4-5-13 (Burns Code Ed.) clearly vests in the court the discretion to order sale of the premises if it be found that the lands cannot be equitably partitioned. Informal stipulations such as that asserted by appellants cannot usurp the exercise of that discretion. As stated in *National Fire Insurance Co.* v. *Burton* (1929), 91 Ind. App. 196, 199-200, 168 N.E. 37, *supra:*

"Had there been such an agreement as appellant claims, it was made out of the presence and hearing of the court, and without its knowledge and consent, and was an agreement to hold in abeyance an order of the court which it had made. Orders of the court are not made alone for the convenience of the litigants, to be set aside by them at their own behest and to satisfy their own caprice, without

regard to the interruption of the court which their action may occasion, but are made as well for the expedition of the proceedings of the court, and are not to be modified or annulled except by the knowledge and consent of the court."

Trials are conducted in court. Courts decide cases and controversies upon the basis of proof offered at trial and judges enter their findings, conclusions and judgments upon the facts adduced at trial, as they relate to the pleadings and the pretrial order.

In essence and in summary therefore, we hold that the argument of appellants is wholly without merit.

Judgment affirmed.

Buchanan, J., concurs.

White, J., concurs in result.

NOTE.—Reported at 309 N.E.2d 177.